Willie Warren CRAFT and Louis A. DeSalle, III, Plaintiff,

v.

BOARD OF TRUSTEES OF the UNIVERSITY OF ILLINOIS; John E. Corbally; Joseph Begando; Truman O. Anderson; Morton Creditor; Howard M. Bers; Jerome Silver; Gerald Cerchio; Penny Persico; Elizabeth McGrew; Jack Bulmash; Olga Jonasson; Lawrence Solomon; Leon LeBeau; Ruth Seelers; Joan Anderson, Director of the Illinois Department of Registration and Education; Patricia Roberts Harris, in her official capacity as Secretary of the United States Department of Health, Education, and Welfare; and Ernest L. Boyer, in his official capacity as Commissioner of Education of the United States Department of Health, Education, and Welfare, Defendants.

No. 79 C 3521.

United States District Court, N. D. Illinois, E. D.

June 30, 1981.

Cornelius E. Toole, Chicago, Ill., for plaintiff.

Tyrone C. Fahner, Atty. Gen., State of Illinois, Jenner & Block, Chicago, Ill., Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FLAUM, District Judge:

This matter comes before the court on the "university" defendants' motion to dismiss or strike certain portions of the complaint, the defendant director of the Illinois Department of Registration and Education's ("DRE") motion to dismiss certain

portions of the complaint, the federal defendants' motion for summary judgment, the university defendants' motion for costs and fees for failure to comply with discovery, the plaintiffs' motion for a protective order, the university defendants' motion to compel the plaintiffs to supplement the answers to certain interrogatories, and the university defendants' motion for a discovery conference. For the reasons set forth below, the university defendants' motion to dismiss the portion of count I of the complaint regarding alleged deprivations of constitutionally-protected liberty and property interests for failure to state a claim is denied; the university defendants' motion to dismiss the portion of count I of the complaint regarding alleged deprivations of substantive due process for failure to state a claim is denied; the university defendants' motion to dismiss the portion of count I of the complaint which alleges that the university defendants conspired to violate the plaintiffs' constitutional rights for failure to state a claim is denied; the university defendants' motion to dismiss count II of the complaint for lack of standing on the part of the plaintiffs is granted; the university defendants' motion to dismiss Creditor and Begando as defendants is denied; and the university defendants' motion to dismiss the plaintiffs' claim under 31 U.S.C. § 1242 (1978) for lack of subject matter jurisdiction and for failure to state a claim is denied. In addition, the defendant director's motion to dismiss counts II and III of the complaint for lack of standing on the part of the plaintiffs is granted. Count IV of the complaint as it pertains to the director is dismissed for failure to state a claim upon which relief can be granted. The federal defendants' motion for summary judgment on count IV of the complaint is granted. The court reserves on the university defendants' motion for costs and fees for failure to comply with discovery. The plaintiffs' motion for a protective order is denied without prejudice. The university defendants' motion to compel the plaintiffs

to supplement the answers to certain interrogatories is granted. The plaintiffs are ordered to file an amended complaint to comport with this memorandum opinion. In addition, a discovery conference pursuant to Federal Rule of Civil Procedure 26(f) is set for Wednesday, July 15 at 4:30 p. m. The plaintiffs and university defendants are ordered to exchange lists of remaining discovery prior to the conference.

The complaint in the present case contains many allegations against several defendants. The various allegations are as follows. The plaintiffs Willie Craft ("Craft") and Louis DeSalle ("DeSalle") filed suit against the board of trustees of the University of Illinois ("the board"); John Corbally ("Corbally"), president of the University of Illinois ("the university"); Joseph Begando ("Begando"), chancellor of the university at the medical center; Truman Anderson ("Anderson"), former executive dean of the medical school at the medical center ("the medical school"); Morton Creditor ("Creditor"), present executive dean of the medical school; Howard Bers ("Bers"), associate dean for student affairs of the medical school and minority opportunity program ("MOP")[1] officer; Jerome Silver ("Silver"), chairperson of the medical school's committee on student appraisal; Gerard Cerchio ("Cerchio"), associate dean of the medical school; Penny Persico ("Persico"), coordinator of student programs at the medical school; Elizabeth McGrew ("McGrew"), assistant to the associate dean of the medical school; Jack Bulmash ("Bulmash"), faculty member at the medical school; Olga Jonasson ("Jonasson"), chairperson of the committee on student promotions at the medical school; Lawrence Solomon ("Solomon"), past chairperson of the committee on student promotions at the medical school; Leon LeBeau ("LeBeau"), chairperson of the student progress committee at the medical school; Ruth Seelers ("Seelers"), vice-chairperson of the student

---

1. The defendants contend that the program is entitled the "medical opportunities program."

The court will refer to the program as "MOP".

progress committee at the medical school;[2] Joan Anderson, the director of the Illinois DRE ("the director"); Patricia Harris ("Harris"), the Secretary of the United States Department of Health, Education, and Welfare ("HEW");[3] and Ernest Boyer ("Boyer"), Commissioner of Education of HEW.

The complaint alleges that in 1972 the plaintiffs were enrolled in the university's medical school pursuant to the MOP which is funded in whole or in part by the federal government. The complaint also alleges that the board and the board's employees, acting under color of state law, denied equal services and benefits to the plaintiffs based upon their race in violation of the United States Constitution. The plaintiffs allege that the board and the board's employees had express and implied contracts with the plaintiffs to afford each plaintiff equal treatment and benefits and to fully matriculate the plaintiffs as doctors of medicine upon satisfactory completion of the necessary courses and requirements. The complaint also alleges that defendants Bers, Anderson, and Jonasson intentionally denied benefits to the plaintiffs based upon their race. The plaintiffs also allege that the board intentionally denied benefits and property rights to the plaintiffs based upon their race as part of a policy and custom of the board.

The complaint also alleges that defendants Cerchio, Persico, and McGrew failed to provide the plaintiffs with remedial programs necessary to prepare for the senior certifying examination ("SCE")[4] as required by a board committee in violation of the plaintiffs' property rights and their rights under the United States Constitution. The plaintiffs allege that defendants Cerchio, Persico, and McGrew conspired to falsely represent the status of the plaintiffs in the remedial program at the medical school, thereby depriving the plaintiffs of their property rights and other constitutional rights. The complaint also alleges that defendant Bulmash was hostile towards plaintiff Craft and intentionally made false representations about Craft to the committee in charge of student promotions in violation of Craft's constitutional rights.

The complaint also alleges that defendant Solomon intentionally made false statements about Craft to the committee in charge of student promotions which denied Craft "the right to remain a medical student and the liberty to gain useful knowledge to become a medical doctor" in violation of Craft's constitutional rights. The plaintiffs allege that defendants LeBeau and Seelers knew that a senior remedial program did not exist and falsely represented the progress of the plaintiffs in the nonexistent program, thereby intentionally depriving the plaintiffs of their property rights and other constitutional rights. The complaint also alleges that defendants LeBeau and Seelers conspired to misrepresent the status of the plaintiffs in violation of their constitutional rights. The plaintiffs allege that defendants Bers and Anderson falsely represented to the student promotions committee the existence of a senior remedial program with the intent to deprive the plaintiffs of their constitutional rights. The plaintiffs contend that these actions by defendants Anderson, Bers, Cerchio, Persico, McGrew, Bulmash, Solomon, LeBeau, and Seelers caused the plaintiffs to be dismissed as medical students based upon the plaintiffs' failure to pass the SCE required by the medical school.

The plaintiffs also contend that the SCE is the only requirement that they have failed to meet in order to receive their medical degrees. The complaint also alleges that defendant Silver construed the minimal passing score for the SCE at a higher passing level than the other required training and examinations to purposely deprive

---

2. These defendants hereinafter are sometimes referred to as the "university defendants".

3. The United States Department of Health, Education, and Welfare is now the United States Department of Health and Human Services.

4. The SCE apparently also is referred to as the senior comprehensive examination.

the plaintiffs and other black medical students of their constitutional rights. The complaint also alleges that defendant Cerchio arranged for and defendant Silver approved of white medical students taking the SCE out-of-sequence so that the white students would not be delayed in receiving their medical degrees. The plaintiffs also contend that they were not notified by the university that they were on academic probation as provided by the university's rules, thereby denying the plaintiffs due process of law in violation of the United States Constitution.

The complaint also alleges that the medical school promulgated a rule for the first time in 1978 which provided that a second failure to pass the SCE could result in dismissal for academic reasons and applied the rule to the plaintiffs in violation of their constitutional rights. The plaintiffs allege that defendants Begando, Corbally, and Creditor had knowledge but took no action to prevent the violation of the plaintiffs' constitutional rights.

Count I of the complaint asks the court to issue a mandatory injunction enjoining the board and the board's employees from acts which deprive the plaintiffs and other black medical students of their constitutional rights; to declare that the actions by the board and its employees have deprived the plaintiffs of their constitutional rights; to order the medical school to readmit the plaintiffs and immediately confer upon them the degree of doctor of medicine; and to award compensatory and punitive damages as well as costs.

Count II of the complaint alleges that the medical school's special admissions program, which is governed by the Illinois "Fifth Pathway Statute," [5] permits non-black students in the program to bypass the certifying procedures required of other students, including the plaintiffs, in order to receive a degree of doctor of medicine. The plaintiffs contend that the Illinois statute has no reasonable relationship to the end it seeks to achieve but rather intentionally establishes a preferential class of medical school graduates who have received less training than the plaintiffs. The plaintiffs also contend that the board and the board's employees have denied the plaintiffs equal protection of the law by permitting less qualified students to be certified pursuant to the special admissions program. The plaintiffs further contend that the director of the Illinois DRE issues state medical licensing examinations to students who have been certified under the special admissions program in violation of the plaintiffs' and other medical students' constitutional rights.

Count III of the complaint alleges that the Illinois statute violates equal protection in that it arbitrarily establishes a preferential class of persons who receive a license to practice medicine in Illinois while denying same to the plaintiffs. Count IV of the complaint alleges that the board received and continues to receive federal funds from HEW, now HHS, for use to operate, in whole or in part, the MOP and that the board permitted these funds to be used for non-minority programs in order to intentionally deprive the plaintiffs and other black medical students of the necessary services. The plaintiffs also contend that defendant Harris, as Secretary of HHS,[6] and defendant Boyer, as Commissioner of Education of HHS, continue to approve federal funding for the MOP despite the fact that the funds are used to unlawfully deprive the plaintiffs and other black medical students of their constitutional rights. The plaintiffs further contend that defendants, the director, Harris, and Boyer are conspirators with the other defendants to deprive the plaintiffs of their constitutional rights.

The plaintiffs ask the court to issue a mandatory injunction enjoining the board and its employees from actions which de-

5. The Illinois Fifth Pathway Statute established a procedure for certifying the graduates of foreign medical schools to take the Illinois medical license examinations. *See* § 5, Ill.Rev.Stat. ch. 111, § 4411, subd. 1 (1977).

6. The current Secretary of HHS is Richard Schweiker.

prive the plaintiffs of their constitutional rights; to issue a preliminary injunction enjoining defendants Harris and Boyer from approving payment of federal funds to the board for the MOP; to issue a preliminary injunction enjoining the director of the Illinois DRE from administering the state medical licensing examinations to persons who possess certificates of satisfactory completion from the medical school; to issue an order requiring the board to give a full accounting of all expenditures of federal funds received for the MOP; to declare the rights of plaintiffs as students enrolled in the MOP and that the board and its employees have deprived the plaintiffs of their constitutional rights; to declare the Illinois statute unconstitutional; to order the medical school to readmit the plaintiffs and immediately confer upon them the degree of doctor of medicine; and to award compensatory and punitive damages as well as costs.

The university defendants filed a motion to strike the allegations in count I of the complaint regarding deprivations of constitutionally-protected liberty and property interests for failure to state a claim; to strike the portion of count I of the complaint which alleges a violation of substantive due process for failure to state a claim; to strike the allegations in count I which contend that the university defendants conspired to violate the plaintiffs' constitutional rights for lack of standing on the part of the plaintiffs; to dismiss count II of the complaint for lack of standing on the part of the plaintiffs; to dismiss defendants Creditor and Begando as defendants because the allegations regarding Creditor

and Begando are insufficient to show that they violated any of the plaintiffs' legal or constitutional rights or that they acted other than in good faith; and to dismiss the plaintiffs' claim under 31 U.S.C. § 1242 (1978) for lack of subject matter jurisdiction and for failure to state a claim.[7] The university defendants also ask the court to order the plaintiffs to file an amended complaint to comply with Federal Rule of Civil Procedure 10(b).

The defendant director of the Illinois DRE filed a motion to dismiss counts II and III of the complaint for failure to state a claim and on the ground that the plaintiffs lack standing to challenge the constitutionality of the Illinois statute. The director also moves to dismiss count IV of the complaint as it pertains to her for failure to state a claim and on the ground that she is an improper party defendant under Federal Rule of Civil Procedure 21.

The federal defendants filed a motion for summary judgment on count IV of the complaint.[8] The federal defendants contend that the relief sought as to the federal defendants in the form of a preliminary injunction is not available to the plaintiffs as a matter of law.[9]

The court will address these various motions to strike, to dismiss, and for summary judgment *seriatim.*

The allegations contained in a well-pleaded complaint must be taken as true for the purpose of a motion to dismiss. *Stern v. United States Gypsum, Inc.,* 547 F.2d 1329, 1332 (7th Cir.), *cert. denied,* 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). A motion to dismiss the complaint will not be granted

---

7. In addition, the university defendants apparently ask the court to strike the allegations in count I of the complaint which contend that the MOP violates the equal protection clause for failure to state a claim; to abstain from determining the contractual relationship, if any, between the parties which is the basis of the breach of contract allegations in count I of the complaint; to dismiss count III of the complaint relating to the Illinois Fifth Pathway Statute for failure to present a case or controversy; and to strike the allegations in count IV of the complaint regarding a conspiracy to misuse federal funds for failure to state a claim.

None of these allegations are addressed in any of the pleadings before the court. Accordingly, the court will not address these issues.

8. Counts I through III of the complaint do not make any allegations against the federal defendants.

9. The federal defendants also filed a "Memorandum in Support of Plaintiffs' Right to Maintain a Private Action Against the Defendant Board of Trustees for Declaratory and Injunctive Relief" ("the amicus brief").

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1332 (7th Cir.), *cert. denied*, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). Moreover, the court is under a duty to examine the complaint to determine if the allegations provide for relief under any possible theory and should not dismiss the complaint merely because the plaintiff's allegations do not support the legal theory set forth in the complaint. *Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir.), *cert. denied*, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979). *See* C. Wright & A. Miller, 5 *Federal Practice & Procedure: Civil* § 1357 at 601–02 (1969 & Supp.1980).

■ Regarding the university defendants' motion to dismiss portions of the complaint which allege deprivations of constitutionally-protected liberty and property interests for failure to state a claim,[10] the plaintiffs apparently contend that they have a constitutionally-protected property or liberty interest in the right to a medical education and degree. The university defendants maintain that the plaintiffs have no such right. In their amicus brief, the federal defendants contend that the plaintiffs have a constitutionally-protected interest in participating in a federally-funded program which is free from unlawful discrimination.[11] Where an infringement of a constitutionally-protected liberty or property interest is alleged, it is essential that a plaintiff be afforded a reasonable opportunity to prove facts which, taken together, state a claim. *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 442 (2d Cir. 1980). Moreover, summary dismissal of claims of fourteenth amendment violations based upon alleged deprivations of liberty or property interests is appropriate only when prior case law leaves no doubt that the defendant must prevail as a matter of law. *Id.* Applying this standard to the present case, the court concludes that, for the purpose of a motion to dismiss, the plaintiffs may be able to prove a set of facts in support of their claim in count I of the complaint regarding deprivations of constitutionally-protected liberty or property interests. Accordingly, the university defendants' motion to dismiss the portion of count I of the complaint regarding alleged deprivations of constitutionally-protected liberty and property interests for failure to state a claim is denied.

■ The university defendants next contend that the portion of count I of the complaint which alleges a violation of substantive due process must be dismissed for failure to state a claim. The United States Supreme Court in *Board of Curators v. Horowitz*, 435 U.S. 78, 91, 98 S.Ct. 948, 955, 55 L.Ed.2d 124 (1978), cautioned that courts generally should not intrude into academic decision making on substantive due process grounds. Those courts which have been presented with an alleged substantive due process violation have required a showing that the academic dismissals were arbitrary and capricious. *See id.; Mahavongsanan v. Hall*, 529 F.2d 448, 449 (5th Cir. 1976); *Gaspar v. Bruton*, 513 F.2d 843, 850 (10th Cir. 1975). In the present case, the court concludes that, for the purpose of a motion to dismiss, the plaintiffs may be able to prove a set of facts in support of the alleged deprivation of substantive due process rights. Accordingly, the university defendants' motion to dismiss the portion of count

---

**10.** The university defendants filed a motion to "strike" certain portions of the complaint "for failure to state a claim." The court construes the motion as a motion to dismiss certain portions of the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

**11.** It is unclear from the pleadings whether the plaintiffs adopt this argument made by the federal defendants. In any event, the plaintiff's ability to recover under a theory different from that asserted in the complaint does not require dismissal of the plaintiff's complaint for failure to state a claim. *See Thomas W. Garland, Inc. v. City of St. Louis*, 596 F.2d 784, 787 (8th Cir.), *cert. denied*, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979).

I of the complaint regarding alleged deprivations of substantive due process for failure to state a claim is denied.

■ The university defendants also contend that the portion of count I of the complaint which alleges that the university defendants conspired to violate the plaintiffs' constitutional rights must be dismissed for failure to state a claim. A valid cause of action under 42 U.S.C. § 1985(3) (1978) requires that two or more persons conspired to deprive a person of his civil rights. *Dombrowski v. Dowling*, 459 F.2d 190, 196 (7th Cir. 1972). This requirement under section 1985(3) normally is not satisfied when the alleged discriminatory conduct is essentially a single act of discrimination by a single business entity. *Id.* The United States Court of Appeals for the Seventh Circuit has reserved on the question of whether a policy by an institute and its executives can be a conspiracy under section 1985(3). *Cohen v. Illinois Institute of Technology*, 524 F.2d 818, 830 (7th Cir. 1975), *cert. denied*, 425 U.S. 943, 96 S.Ct. 1683, 48 L.Ed.2d 187 (1976). Other courts have concluded that a section 1985(3) cause of action can lie where the employees of a single entity allegedly commit several acts of discrimination. *Novotny v. Great American Federal Savings & Loan Association*, 584 F.2d 1235, 1256–57 (3d Cir. 1978), *vacated on other grounds*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *An-Ti Chai v. Michigan Technological University*, 493 F.Supp. 1137, 1166 (W.D.Mich.1980). Applying the law to the present case, the court concludes that allegations that the board and its employees conspired to deprive the plaintiffs of their constitutional rights can be brought pursuant to section 1985(3) since these defendants, while employees of the same entity, are not accused of a single act of discrimination but rather of a series of discriminatory acts. Thus, the court concludes that, for the purpose of a motion to dismiss, the plaintiffs may be able to prove a set of facts in support of the alleged conspiracy by the board and its members. Accordingly, the university defendants' motion to dismiss the portion of count I of the complaint alleging a conspiracy between the university defendants to deprive the plaintiffs of their constitutional rights for failure to state a claim is denied.

■ The university defendants next contend that count II of the complaint must be dismissed because the plaintiffs lack standing and for failure to state a claim. As to the university defendants, count II alleges that the board and its employees violated the plaintiffs' right to equal protection of the laws by complying with the Illinois Fifth Pathway Statute. The plaintiffs apparently contend that the university defendants treated the black medical students at the medical school differently than the students who participated in the program under the Illinois Fifth Pathway Statute. For the purposes of ruling on a motion to dismiss for lack of standing, the court must accept as true all material allegations contained in the complaint and must construe the complaint in favor of the complaining party. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *Jenkins v. McKeithen*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). The standing question is "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant *his* invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1975). Thus, a federal court's jurisdiction "can be invoked only when the plaintiff himself has suffered 'some threatened or actual injury resulting from the putatively illegal action.'" *Id.* at 499, 95 S.Ct. at 2205; *Linda R. S. v. Richard D.*, 410 U.S. 614, 617, 93 S.Ct. 1146, 1148, 35 L.Ed.2d 536 (1973). Therefore, the plaintiff must show that, if the court affords the relief requested, the plaintiffs alleged injury would be redressed. *See Warth v. Seldin*, 422 U.S. 490, 504, 95 S.Ct. 2197, 2208, 45 L.Ed.2d 343 (1975); *Linda R. S. v. Richard D.*, 410 U.S. 614, 618, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973). In count II of the complaint in the present case, the plaintiffs allege that the defendants' compliance with the Illinois Fifth

Pathway Statute violates the plaintiffs' rights to equal protection because students admitted under the statute are permitted to take the state medical examinations without complying with the regular requirements of the University of Illinois medical school, including the SCE, which the plaintiffs must comply with in order to take the state medical examinations. Even assuming that this court found the Illinois Fifth Pathway Statute to be unconstitutional and enjoined further compliance with the statute, such action would not redress the plaintiffs' alleged injury of being denied the opportunity to take the state medical examinations. Rather, it is the medical school's requirements for graduation, not the Illinois Fifth Pathway Statute, which have prevented the plaintiffs from taking the state medical examinations to become licensed physicians. Thus, the court concludes that the plaintiffs lack standing to challenge the constitutionality of the Illinois Fifth Pathway Statute.[12] Accordingly, the university defendants' motion to dismiss count II of the complaint for lack of standing is granted.[13]

■ The university defendants also contend that defendants Creditor and Begando must be dismissed as defendants for failure to state a claim. In support of this motion, the university defendants contend that the allegations against Creditor and Begando are insufficient to show that they violated any of the plaintiffs' legal or constitutional rights or that Creditor and Begando acted other than in good faith. In order to state a cause of action against an individual for the violation of constitutional rights, a plaintiff must allege that the defendants acted affirmatively or were personally involved in the alleged wrongdoing. *McDonald v. Illinois*, 557 F.2d 596, 602 (7th Cir.

1977). In the present case, the plaintiffs allege that defendants Creditor and Begando had knowledge of the violations of plaintiffs' constitutional rights but failed to take action to prevent the alleged wrongdoing. The court concludes that, for the purpose of a motion to dismiss, the plaintiffs may be able to prove a set of facts in support of their claim that defendants Creditor and Begando violated their constitutional rights. Accordingly, the university defendants' motion to dismiss the complaint as it pertains to defendants Creditor and Begando for failure to state a claim is denied.

■ The university defendants also contend that the plaintiffs' claim under 31 U.S.C. § 1242 (1978) must be dismissed for lack of subject matter jurisdiction in that the plaintiffs have failed to exhaust administrative remedies. Section 1242 prohibits discrimination upon the basis of race, color, national origin, or sex in the participation of a program or activity of a state or local government when the state or local government receives federal financial assistance. *See* 31 U.S.C. § 1242(a)(1) (1978). Section 1244(a) permits a private individual to institute a civil action in federal district court for the violation of section 1242(a)(1) upon the exhaustion of administrative remedies. *Id.* § 1244(a). Administrative remedies are deemed to be exhausted for the purpose of section 1244(a) upon the expiration of ninety days after the date that an administrative complaint is filed with the Secretary of HHS or with another agency authorized to investigate noncompliance with section 1242(a). *Id.* § 1244(d). In the present case, the affidavit of Dr. O'Shea ("O'Shea") states that an administrative complaint was filed by plaintiff DeSalle on May 25, 1977. (Federal Defendants' Memorandum in Support of Motion to Dismiss; Alternatively

---

12. In some instances, the court may allow a plaintiff to supply further particularized allegations of fact deemed supportive of the plaintiff's standing to bring suit. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975). If, after such a submission, the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed. *Id.* Under the facts

of the present case, however, the court concludes that no further allegations by the plaintiffs can remedy their lack of standing to bring suit.

13. Since the court dismisses count II of the complaint for lack of standing, the court does not reach the university defendants' motion to dismiss count II for failure to state a claim.

Motion for Summary Judgment, Affidavit of O'Shea at 1.) O'Shea's affidavit further states that the complaint still was being processed as of October 7, 1979. (*Id.* at 2.) Therefore, the court concludes that the plaintiffs have exhausted their administrative remedies for the purpose of section 1244(a). Accordingly, the university defendants' motion to dismiss the plaintiffs' claim under 31 U.S.C. § 1242 (1978) for lack of subject matter jurisdiction is denied.[14]

The defendant director of the Illinois DRE filed a motion to dismiss counts II and III of the complaint on the ground that the plaintiffs lack standing to challenge the constitutionality of the Illinois statute. The director also moves to dismiss counts II and III of the complaint for failure to state a claim. The director further moves to dismiss count IV of the complaint as it pertains to her for failure to state a claim and on the ground that she is an improper party defendant under Federal Rule of Civil Procedure 21. For the same reasons set forth on pages 1323–1324 *supra,* the court grants the director's motion to dismiss count II of the complaint for lack of standing. Count III of the complaint challenges the constitutionality of the Illinois Fifth Pathway Statute. Thus, also for the same reasons set forth on pages 1323–1324 *supra,* the court grants the director's motion to dismiss count III of the complaint for lack of standing.[15] With regard to the director's motion to dismiss count IV of the complaint as it pertains to her, count IV alleges that the director conspired with Secretary of HHS and the board to deprive the plaintiffs of their constitutional rights by misusing federal funds received from the United States Department of HHS. The only relief requested from the defendant director in count IV of the complaint is a preliminary injunction enjoining the defendant director from administering the state medical examinations. The court concludes that the plaintiffs have failed to establish the elements necessary for the issuance of a preliminary injunction. *See Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.,* 545 F.2d 1096, 1097 (7th Cir. 1976). Thus, count IV of the complaint as it pertains to the director is dismissed for failure to state a claim upon which relief can be granted.[16]

■ Turning to the federal defendants' motion for summary judgment, Federal Rule of Civil Procedure 56(c) provides that summary judgment may be entered in a case "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden is upon the moving party to establish the lack of a triable issue of fact, and all doubts must be resolved against that party. *See Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The court, however, "has the power to penetrate the allegations of fact in the pleadings and look at any evidential source to determine whether there is an issue of fact to be tried." *Kirk v. Home Indemnity Co.,* 431 F.2d 554, 559 (7th Cir. 1970). In count IV of the complaint in the present case, the plaintiffs allege that the federal defendants—the Secretary of HHS and the Commissioner of Education—continue to approve federal funding for the MOP despite the fact that the funds are used to deprive the plaintiffs and other black medical students of their constitutional rights. The plaintiffs also allege that the federal defendants conspired with the other defend-

14. The university defendants also apparently contend that the section 1242 claim must be dismissed for failure to state a claim. The court concludes that the plaintiffs have alleged a cause of action under section 1242 for the purpose of a motion to dismiss.

15. Since the court dismisses counts II and III of the complaint for lack of standing, the court does not reach Anderson's motion to dismiss counts II and III of the complaint for failure to state a claim.

16. Since the court dismisses count IV of the complaint as it pertains to the director for failure to state a claim, the court does not reach the director's other grounds for dismissal of count IV.

ants to deprive the plaintiffs of their constitutional rights. The plaintiffs ask the court to issue a preliminary injunction enjoining the federal defendants from approving payment of federal funds to the defendant board for the MOP under 42 U.S.C. § 2000d (1978). The federal defendants filed a motion for summary judgment on count IV of the complaint.[17] In support of their motion, the federal defendants contend that, as a matter of law, the plaintiffs are not entitled to the injunctive relief which they seek against the federal defendants. Again, the court concludes that the plaintiffs have failed to establish the elements necessary for the issuance of a preliminary injunction. *See Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976). Moreover, a federal agency or official cannot be sued under 42 U.S.C. § 2000d (1978) to compel termination of federal funds. *NAACP v. Medical Center, Inc.*, 599 F.2d 1247, 1254 n.27 (3d Cir. 1979). Thus, the court concludes that the plaintiffs cannot maintain a cause of action under 42 U.S.C. § 2000d (1978) against the Secretary of HHS and the Commissioner of Education for an injunction enjoining the disbursement of federal funds. Accordingly, the federal defendants' motion for summary judgment on count IV of the complaint is granted.[18]

▮ In addition to the various motions to dismiss and for summary judgment, the university defendants filed a motion for costs and fees for failure to comply with discovery; the plaintiffs filed a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(3); the university defendants filed a motion to compel the plaintiffs to supplement the answers to certain interrogatories; and the university defendants filed a motion for a discovery conference pursuant to Federal Rule of Civil Procedure 26(f). The court will address these motions *seriatim*. The court reserves on the university defendants' motion for costs and fees for failure to comply with discovery. Regarding the motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(3), the plaintiffs contend that the defendants' interrogatories call for lengthy, detailed responses "which are more properly answers to be given at a deposition." The plaintiffs ask the court to order the defendants to propound these questions at the scheduled depositions. The court deems it appropriate to deny without prejudice the plaintiffs' motion for a protective order until the parties have held a discovery conference pursuant to United States District Court for the Northern District of Illinois Rule 12(d).[19] The university defendants' motion to compel the plaintiffs to supplement the answers to certain interrogatories is granted. In addition, a discovery conference pursuant to Federal Rule of Civil Procedure 26(f) is set for Wednesday, July 15 at 4:30 p. m. The plaintiffs and university defendants are ordered to exchange lists of remaining discovery prior to the conference.

Accordingly, the university defendants' motion to dismiss the portion of count I of

---

**17.** The federal defendants are not named in counts I through III of the complaint.

**18.** Since the court grants the federal defendants' motion for summary judgment on the ground that the plaintiffs cannot maintain a private cause of action against the federal defendants for an injunction to terminate funding under 42 U.S.C. § 2000d (1978), the court does not reach the federal defendants' other arguments in support of their motion for summary judgment.

**19.** Rule 12(d) provides:

To curtail undue delay in the administration of justice, this Court shall hereinafter refuse to hear any and all motions for discovery and production of documents under Rules 27 through 37 of the Federal Rules of Civil Procedure, unless moving counsel shall first advise the court in writing that after personal consultation and sincere attempts to resolve differences they are unable to reach an accord. This statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating herein.

N.D.Ill. 12(d). While the plaintiffs' motion is brought pursuant to Federal Rule of Civil Procedure 26(c)(3), the court deems it appropriate for the parties to hold a conference in an attempt to resolve this and any other discovery disputes prior to filing further motions with the court.

the complaint regarding alleged deprivations of constitutionally-protected liberty and property interests for failure to state a claim is denied; the university defendants' motion to dismiss the portion of count I of the complaint regarding alleged deprivations of substantive due process for failure to state a claim is denied; and the university defendants' motion to dismiss the portion of count I of the complaint which alleges that the university defendants conspired to violate the plaintiffs' constitutional rights for failure to state a claim is denied. The university defendants' motion to dismiss count II of the complaint for lack of standing on the part of the plaintiffs is granted; the university defendants' motion to dismiss Creditor and Begando as defendants is denied; and the university defendants' motion to dismiss the plaintiffs' claim under 31 U.S.C. § 1242 (1978) for lack of subject matter jurisdiction and for failure to state a claim is denied. In addition, the defendant director's motion to dismiss counts II and III of the complaint for lack of standing on the part of the plaintiffs is granted. Count IV of the complaint as it pertains to the director is dismissed for failure to state a claim upon which relief can be granted. The federal defendants' motion for summary judgment on count IV of the complaint is granted. The court reserves on the university defendants' motion for costs and fees for failure to comply with discovery. The plaintiffs' motion for a protective order is denied without prejudice. The university defendants' motion to compel the plaintiffs to supplement the answers to certain interrogatories is granted. The plaintiffs are ordered to file an amended complaint to comport with this memorandum opinion. In addition, a discovery conference pursuant to Federal Rule of Civil Procedure 26(f) is set for Wednesday, July 15 at 4:30 p. m. The plaintiffs and university defendants are ordered to exchange lists of remaining discovery prior to the conference.

It is so ordered.