**In re David Lane OIEN and Peggy Lou Oien, Debtors.**

**David Lane OIEN and Peggy Lou Oien, Plaintiffs,**

**v.**

**SIOUX FALLS PAINT AND GLASS, a corporation, and Register of Deeds of Minnehaha County, South Dakota, Defendants.**

**Bankruptcy No. 481–00186.
Adv. No. 482–0017.**

United States Bankruptcy Court,
D. South Dakota.

Aug. 30, 1982.

---

Rick A. Yarnall, Dana, Golden, Moore & Rasmussen, Sioux Falls, S. D., for plaintiffs.

Joe W. Cadwell, Cadwell, Sanford & Deibert, Sioux Falls, S. D., for defendants.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This matter, an adversary proceeding filed in connection with a Chapter 13 proceeding pending before this Court, is now before the Court on Defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Bankruptcy Rule 712(b). Defendant alleges that all matters referred to in each cause of action have been adjudicated in state court. Plaintiffs, joint debtors in the Chapter 13 proceeding, have requested this Court to avoid a mortgage granted to Defendant on Plaintiffs' homestead. Plaintiffs' complaint alleges that the mortgage is avoidable pursuant to the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 *et seq.*, as a fraudulent transfer under Section 548. Plaintiffs further allege that the transfer should be set aside on equitable grounds. Counsel for the parties, by stipulation, agreed that the trial on Plaintiffs' action to set aside Defendant's mortgage would be continued pending a decision of the Court on Defendant's motion.

In the hearing before the Court on the motion, no additional evidence was introduced. By agreement of Plaintiffs, Defendant supplied the Court with copies of the state court findings of fact and conclusions of law and also the judgment of foreclosure. The pleadings referred to and contained all information of the state court documents. Oral arguments were presented by counsel for the parties. Because this Court is not considering any matter outside the pleadings, the motion to dismiss is not considered as a motion for summary judgment pursuant to Rule 12(b) of the Federal Rules of Civil Procedure made applicable to adversary proceedings by Bankruptcy Rule 712.

The motion to dismiss is aimed at the sufficiency of the complaint. *Davis H. Elliot Co., Inc. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176 (6th Cir. 1975). For purpose of the motion, the well-pleaded material allegations of the complaint are taken as admitted, but conclusions of law or unwarranted deductions of fact are not admitted. 2 *J. Moore, A. Vestal & P. Kurland, Moore's Manual*, § 11.06, p. 11. Thus, the allegations of the complaint set out below will be considered true. These allegations are made on information and belief and specify that the debtors were, at the time of the transfer, insolvent or became insolvent

as a result of the transfer. Also alleged is the failure of the defendant to explain the waiver of the homestead exemption contained in the mortgage deed and the concealment of such fact resulting in fraud, misrepresentation, and deceit by the defendant. The allegations made on information and belief also specify that Defendant required the wife co-debtor to execute the mortgage deed when she had no legal liability for the debt and was not informed of the homestead waiver and did not have the benefit of legal counsel. This factual background forms the basis for Plaintiffs' conclusion that the transfer by mortgage is voidable under 11 U.S.C. § 548.

Sufficient detail must be given so that the defendant, and the Court, can see that there is some legal basis for recovery. *Moore's*, § 10.04(1), p. 617. However, the courts have ruled time and again that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

In the motion to dismiss, the defendant alleges that, "(T)he matters referred to in each cause of action have been adjudicated in the State Court ...." Collateral estoppel bars relitigation of issues which were actually litigated and decided in a prior case. *Gottschalk v. South Dakota Real Estate Comm.*, 264 N.W.2d 905, 908–09 (S.D.1978). As reflected by the findings of fact and conclusions of law in the state court proceeding, the state court did not address the issue of insolvency of the debtors at the time the mortgage was executed or insolvency as a result of the transfer as provided under 11 U.S.C. § 548(a)(2). Neither did the state court address the issue of whether the transfer was made with the intent to defraud a creditor. 11 U.S.C. § 548(a)(1). As stated by this Court in *Stratton v. Sioux Falls Paint and Glass*, 8 B.R. 674, 676 (Bkrtcy.1981), *appeal docketed*, Case No. 179–00097(C), Adversary No. 180–0002 (D.S.D. Feb. 24, 1981), when the

proceedings involve homestead property, further consideration must be given to the philosophy of the state homestead exemption law and the federal bankruptcy law, "both of which intend providing a debtor with some opportunity of a fresh start, including an exemption to his homestead."

Based on the foregoing, it is not a certainty that Plaintiffs are not entitled to relief under any state of facts which could be proved in support of the claims in the complaint. Defendant's motion to dismiss is denied, and trial on the merits will proceed on notice from the Clerk of this Court.

This Memorandum Decision shall constitute findings of fact and conclusions of law. An appropriate order will issue.