In re Leonard SMURZYNSKI, Debtor.

Leonard SMURZYNSKI, individually and on behalf of a class, Plaintiffs,

v.

GENERAL FINANCE CORPORATION, Defendant.

Bankruptcy Nos. 79 B 41234, 86 A 1054.

United States Bankruptcy Court, N.D. Illinois, E.D.

April 10, 1987.

Aram A. Hartunian and Claire T. Hart-field of Hartunian, Futterman & Howard,

Chtd. and Leonard J. Groupe and Bruce Katz of Groupe & Katz, Chicago, Ill., for Leonard Smurzynski.

Lawrence X. Pusateri and Craig A. Varga of Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for General Finance Corp.

## MEMORANDUM AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter is before the Court on the motion of General Finance Corporation ("GFC") to dismiss Leonard Smurzynski's ("Plaintiff's") class action complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), made applicable to these proceedings by Bankr.R. 7012. GFC has also moved to strike the class allegations. Since a decision on the motion to dismiss could be dispositive of the motion to strike the class action, this Court has held the latter motion in abeyance pending an outcome of the former motion.[1]

"[O]n a motion to dismiss, a complaint must be construed in a light most favorable to the plaintiff, the allegations thereof being taken as true...." *Mathers Fund, Inc. v. Colwell Co.*, 564 F.2d 780, 783 (7th Cir.1977); *South East Lake View Neighbors v. Dept. of H.U.D.*, 559 F.Supp. 576 (N.D.Ill.1981), *aff'd*, 685 F.2d 1027 (7th Cir. 1982).

According to the complaint, in November, 1979, the Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*) The Plaintiff listed GFC as an unsecured creditor in the amount of $2,467.10. Prior to receiving a discharge in bankruptcy, the Plaintiff did not agree to repay any portion of the debt due GFC nor enter into a reaffirmation agreement with GFC. On February 5, 1980 the Plaintiff was granted a discharge.

On two occasions in 1985, the Plaintiff borrowed money from GFC. As a pre-condition to loaning the Plaintiff money, GFC required that the Plaintiff sign papers ac-

1. As the Court has determined, *infra*, that the Plaintiff has stated a claim upon which relief can be granted, the parties will be directed to file memorandum on the issue of whether a class action should be maintained by this Plaintiff.

knowledging a total indebtedness in excess of the amount that he actually received. These excess amounts represented a portion of the money the Plaintiff owed to GFC when he was granted a discharge. The Plaintiff alleges that from time to time, GFC has done various acts to collect the aforesaid indebtedness.

In his complaint, the Plaintiff has asked this Court to declare that GFC's practices are unlawful under § 524 of the Bankruptcy Code, to enjoin the Defendant from engaging in such practices and to award the Plaintiff an amount equal to all charges (including principle, interest, insurance, fees and other amounts) arising out of or related to any debt which was previously discharged in bankruptcy.

■ A motion to dismiss must not be granted unless it clearly appears that the plaintiff can prove no set of facts under its pleadings which would entitle it to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *McIntosh v. Magna Systems, Inc.*, 539 F.Supp. 1185 (N.D.Ill.1982); *In re Haas*, 36 B.R. 683, 688 (Bankr.N.D.Ill.1984). Therefore, to resolve the issue of whether that Plaintiff's complaint can survive a motion to dismiss, the Court must ascertain whether the complaint sets forth a set of facts which would permit the Court to enjoin GFC's acts or require GFC to return money the Plaintiff paid which arose out of a previously discharged debt. Of necessity, this requires an inquiry into whether GFC's practices of loaning money to the Plaintiff, contingent on the Plaintiff repaying a portion of a previously discharged debt, violates § 524 of the Bankruptcy Code.

■ "[T]he statutory reaffirmation scheme is to be strongly construed so as to protect the interest of debtors." *In re Roth*, 38 B.R. 531, 537 (Bankr.N.D.Ill.), *aff'd*, 43 B.R. 484 (D.C.N.D.Ill.1984); *In re Miller*, 13 B.R. 697 (Bankr.E.D.Pa.1981). Reaffirmation agreements are unenforcable unless they are entered into before the granting of a discharge and are approved by the Court. § 524(c), (d). These measures are necessary to prevent the debtor from being coerced into signing a reaffir-

mation agreement and to enable the debtor to be fully aware of its consequences. *In re Farmer*, 13 B.R. 319 (Bankr.M.D.Fla. 1981).

■ Against this backdrop are the provisions § 524(f) which permit a debtor to voluntarily repay a previously discharged debt out of a sense of moral obligation. Congress guaranteed the voluntariness of those acts by denying "creditors court process to enforce a reaffirmation other than under a nondischargeability or redemption agreement". S.Rep. No. 989, 95th Cong., 2d Sess. 164, *reprinted in*, 1978 U.S. Code Cong., Ad. News 5787, 6125 (1978). Although the consumer finance industry strongly opposed these measures, Congress found them "a significant factor in making bankruptcy relief an effective remedy". *Id.*

GFC argues that the Plaintiff is merely taking advantage of § 524(f) and voluntarily repaying a portion of a previously discharged debt in order to help reestablish his credit rating. No doubt GFC is correct when they say that the Plaintiff was neither coerced nor under any duress to borrow money from them in 1985. But these defenses only detract from the real issue of whether the Plaintiff has stated a viable cause of action when it claims that GFC has collected a portion of a previously discharged debt in the absence of a reaffirmation agreement. If GFC has taken steps to enforce its agreement and collected a portion of a debt previously discharged in bankruptcy, and the Plaintiff has paid money in response to GFC's collection efforts, the Plaintiff's "voluntary repayments" are not voluntary at all, but are made pursuant to GFC's collection efforts. This is hardly the type of voluntary repayment made out of a sense of moral obligation that Congress envisioned when it adopted § 524(f). To hold otherwise would ignore the difference between a truly voluntary repayment and an unenforceable post-petition non-conforming reaffirmation agreement.

■ There are also independent grounds upon which to deny GFC's motion to dismiss. "[T]he court is under a duty to ex-

amine the complaint to determine if the allegations provide for relief under any possible theory and should not dismiss the complaint merely because the plaintiff's allegations do not support the legal theory set forth in the complaint." *Craft v. Board of Trustee,* 516 F.Supp. 1317, 1323 (N.D.Ill.1981) (J. Flaum). In determining whether to sustain a motion to dismiss for failure to state a cause of action upon which relief may be granted, the Court is not limited by the theories advanced by the pleading's author. *International Administrators Inc. v. Life Insurance Co.,* 553 F.Supp. 82, 84 (N.D.Ill.1982); *See also Wico Corp. v. Willis Industries* 567 F.Supp. 352 (N.D.Ill.1983).

■ Under § 362 of the Bankruptcy Code, upon the commencement of a bankruptcy case, any acts to collect or recover a claim against the debtor that arose before the commencement of the case must cease. § 362(a)(6). Congress intended the automatic stay provisions to prevent creditors from attempting in any way to collect a pre-petition debt. *In re Hellums,* 772 F.2d 379, 381 (7th Cir.1985). This is to permit the bankrupt a more effective fresh start. *Id.*

■ In *Hellums,* the court held that a post-petition wage assignment that was applied towards the debtor's pre-petition debt was not a voluntary repayment under § 524(f) but a violation of the automatic stay because it allowed the creditor to take action to collect a portion of a previously discharged debt. "Congress intended the stay of section 362(a)(6) to apply to the automatic (as well as coerced) transfer and application of post-petition funds to the pre-petition debts of Chapter 7 debtors". *Id.*

An automatic wage assignment that lulls an unthinking debtor into paying-off a dischargable debt detracts from the fresh start mandate as much as a requirement that the Plaintiff repay a portion of a previously discharged debt as a prerequisite to receiving a post-petition loan. Accordingly, if GFC has taken steps to collect a portion of a previously discharged debt, GFC has violated the automatic stay. *Cf. In re Hol-*

*land,* 21 B.R. 681, 687 (Bankr.N.D.Ind. 1982).

NOW THEREFORE IT IS ORDERED that the motion of General Finance Corporation to dismiss Leonard Smurzynski's complaint for failure to state a claim upon which relief may be granted is denied. The parties are instructed to appear at the status hearing previously set for April 17, 1987.