In re Frank RICHARDS, Jr., Debtor.

John H. WRIGHT, Dan Mundell and
Charles Mundell, Plaintiffs,

v.

Frank RICHARDS, Jr., Defendant.

Bankruptcy No. BK 87–40636.
Adv. No. 88–0017.

United States Bankruptcy Court,
S.D. Illinois.

June 24, 1988.

Donald M. Samson, Belleville, Ill., for plaintiffs.

Joel A. Kunin, E. St. Louis, Ill., for defendant.

## ORDER

KENNETH J. MEYERS, Bankruptcy Judge.

This matter is before the Court on a Motion to Dismiss Complaint to Determine Dischargeability of Debt. The parties involved in this dispute, Frank Richards, Jr. ("defendant"), and John Wright, Dan Mundell and Charles Mundell ("plaintiffs"), each claim that the other is barred by collateral estoppel from relitigating the issues raised in the adversary complaint.

The Court initially notes that, for purposes of defendant's motion to dismiss, all allegations in the complaint must be accepted as true. *In re Smurzynski*, 72 B.R. 368, 369 (Bkrtcy.N.D.Ill.1987); *In re Haas*, 36 B.R. 683, 688 (Bkrtcy N.D.Ill.1984); *In re Oien*, 22 B.R. 720, 721 (Bkrtcy.D.S.D. 1982). "Very little is required in a complaint as long as it sets forth the basis upon which relief is sought." *In re Overmyer*, 32 B.R. 597, 602 (Bkrtcy.S.D.N.Y. 1983). A motion to dismiss a complaint must not be granted unless it clearly appears that the plaintiff can prove no set of facts under its pleadings which would entitle it to the relief requested. *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *In re Smurzynski, supra*, at 370; *In re Haas, supra*.

The Complaint to Determine Dischargeability of Debt, which is the subject of the present Motion to Dismiss, was filed on

January 19, 1988. In their complaint, plaintiffs allege that they are judgment creditors of defendant and that defendant induced them to invest in Red River Development, Inc., an oil and gas exploration company, by making false representations as to the amount of production of wells operated by Red River Development. Plaintiffs ask that the judgment debts owed to them by defendant be held nondischargeable pursuant to § 523(a)(2).

The judgment debts to which plaintiffs refer are from a lawsuit plaintiffs filed, along with four other persons, on August 9, 1983, in the Circuit Court of Marion County, Illinois. In the first seven counts of that complaint, plaintiffs sought recovery of the funds they invested in Red River Development based on defendant's sale of securities which were not registered as required by Illinois securities laws.

Count VIII of the complaint set forth a claim based on common law fraud. Plaintiffs alleged that defendant made false representations as to the production of various oil wells and that he provided plaintiffs with false and fraudulent production reports. Plaintiffs also alleged that the false representations were made with the specific intent of convincing plaintiffs to invest in the wells and that defendant knew or should have known that plaintiffs would rely on the representations as true and accurate information. Finally, plaintiffs claimed that they made various investments in reliance on the false representations.

On July 15, 1985, the trial court entered judgment in favor of plaintiffs on the securities law counts and in favor of defendant on the common law fraud count. On appeal, the Illinois Appellate Court affirmed the trial court's decision as to defendant's liability on the securities law counts and his lack of liability on the common law fraud count. *Wright v. Richards*, 494 N.E.2d 1269, 98 Ill.Dec. 942, 144 Ill.App.3d 450 (1986).

Subsequently, defendant was charged by the United States Attorney for the Southern District of Illinois with conspiracy (18 U.S.C. § 371) and mail fraud (18 U.S.C. § 1341) in connection with the same Red River Development scheme. On November 21, 1986, defendant entered a plea of guilty to the federal charges. As part of his guilty plea, he also agreed to the facts stated in the prosecution's version of the offense. This Court has not been informed as to the sentence imposed on defendant, if any, by the District Court.

■ In his motion to dismiss, defendant argues that the doctrine of collateral estoppel bars plaintiffs from relitigating the issues raised in the adversary complaint because: (1) the issues are identical to those raised in Count VIII of the state court action; (2) the issues were actually litigated in the Circuit Court of Marion County, Illinois; (3) the issues were necessarily litigated in the Circuit Court; and (4) the Circuit Court order was a valid and final judgment.

In response, plaintiffs point out that by pleading guilty to the federal criminal charges, defendant admitted committing fraud on the plaintiffs. In other words, his guilty plea directly contradicts the state court decision in his favor on the common law fraud count. Plaintiffs argue that defendant's guilty plea collaterally estops him from denying his fraudulent conduct and that, therefore, they are entitled to a judgment of nondischargeability under § 523(a)(2). Plaintiffs also argue that since the fraud issue was neither fully litigated nor essential to the state court lawsuit (which was primarily an Illinois securities law action), collateral estoppel would not apply.

" 'Collateral estoppel' or 'issue preclusion' prevents parties from relitigating only those issues actually and necessarily litigated in a prior proceeding." *In re Freeman*, 68 B.R. 904, 906 (Bkrtcy.M.D.Pa. 1987). It is well established that a state court action will have collateral estoppel effect on a subsequent dischargeability complaint when the following requirements are met:

1. The issue sought to be precluded must be the same as that involved in the prior action.

2. The issue must have been actually litigated;

3. The determination of the issue must have been essential to the final judgment; and

4. The party against whom estoppel is invoked must be fully represented in the prior action.

*Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir.1987); *In re Herwig,* 77 B.R. 662, 663–64 (Bankr.S.D.Ill.1987); *In re Roemer,* 76 B.R. 126, 128 (Bankr.S.D.Ill. 1987).

Plaintiffs have brought this action under § 523(a)(2) of the Bankruptcy Code which provides in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud ...

In order to succeed in an action under § 523(a)(2)(A), a creditor must establish that: (1) the debtor made a representation; (2) at the time the representation was made the debtor either knew it was false or made it with such reckless disregard for the truth as to constitute willful misrepresentation; (3) the representation was made with intent to deceive; (4) the creditor relied on the representation; and (5) the creditor suffered a loss as a result of the misrepresentation. *In re Kimzey,* 761 F.2d 421, 423 (7th Cir.1985); *In re Kyriazes,* 38 B.R. 353, 354 (Bkrtcy.N.D.Ill.1983).

Although the language used to describe them is somewhat different, the elements to be established in a common law fraud action under Illinois law are identical to those under § 523(a)(2)(A). The common law fraud elements are: (1) A false statement of material fact; (2) knowledge or belief by the party making the statement that the statement is false or his awareness that he is ignorant of the truth; (3) the statement was made for the purpose of inducing the other party to act; (4) the party to whom the statement was made had a right to rely on it and did rely on it; and (5) reliance by the party to whom the statement was made led to his injury. *Seefeldt v. Millikin National Bank of Decatur,* 506 N.E.2d 1052, 1055, 107 Ill.Dec. 161, 164, 154 Ill.App.3d 715 (1987); *Wright v. Richards, supra,* 494 N.E.2d at 1274, 98 Ill.Dec. at 947. "Reasonable reliance" on the false representation is an element of both an Illinois common law fraud action and a nondischargeability action under § 523(a)(2)(A). *Glazewski v. Coronet Insurance Co.,* 483 N.E.2d 1263, 1266, 91 Ill.Dec. 628, 631, 108 Ill.2d 243 (1985); *Seefeldt, supra; In re Kimzey, supra; Matter of Esposito,* 44 B.R. 817, 824 (Bkrtcy.S.D. N.Y.1984). Additionally, both types of actions require the same standard of proof, that of "clear and convincing evidence." *Matter of Bogstad,* 779 F.2d 370, 372 (7th Cir.1985); *In re Bonnett,* 73 B.R. 715, 717 (C.D.Ill.1987); *Wright v. Richards, supra.*

Both the present adversary complaint and the prior state court action raise the same issues of fact, i.e., (1) whether defendant fraudulently induced plaintiffs to make certain oil and gas investments by making representations which he knew to be false or misleading or which he made with reckless disregard for the truth; (2) whether he intended for plaintiffs to rely on the representations; (3) whether plaintiffs did in fact rely on the representations and sustained losses; and (4) whether such reliance was reasonable. The elements necessary to establish each of the actions are identical as is the "clear and convincing evidence" standard of proof. Clearly, the issues sought to be precluded by defendant in this action were the same as those litigated in the prior state court action. Therefore, the first requirement for collateral estoppel has been met.

From a review of the Illinois Appellate Court's opinion, as well as the trial court's order, it is apparent that the fraud issue raised in the present complaint was actually litigated in the state court and that a determination of that issue was essential to the state court's final judgment. As the appellate court noted:

The [trial] court could believe Frank Richards did not know the information he gave plaintiffs was untrue and could also believe he was not culpably ignorant of its truth ... A finding that Frank Richards had no intent to deceive was not against the manifest weight of the evidence ... Consequently, we affirm the [trial] court's judgment for all defendants on the fraud count.

*Wright v. Richards, supra,* 494 N.E.2d at 1274–75, 98 Ill.Dec. at 947–48.

■ Plaintiffs do not take issue with the finality of the state court judgment, but they do question whether the fraud issue was fully litigated and essential to the prior action. Specifically, they claim that their state court action was based primarily on violations of Illinois securities laws and that the fraud count was essentially an afterthought on which little effort was expended at trial. They argue that they should not have been forced to have litigated the fraud issue in state court in anticipation of the "defense of bankruptcy."

That the fraud count was actually an important part of plaintiffs' case is indicated by the fact that only by establishing fraud could plaintiffs hoped to have recovered the punitive damages they requested. *Id.* 494 N.E.2d at 1274, 98 Ill.Dec. at 947. Furthermore, the fact that the fraud issue was raised on appeal and was thoroughly discussed by the appellate court indicates that it was, in fact, fully litigated and essential to the prior action.

The final criteria for the application of collateral estoppel also appears to have been met as neither party claims that it was not fully represented in the prior action. Therefore, the Court concludes that the prior state court action meets all the criteria for the application of collateral estoppel and that plaintiffs should be precluded from raising their fraud claims in this case. However, this does not end the inquiry because defendant pled guilty to federal criminal charges involving the same facts as in both the prior state court action and this case. As a result, the collateral estoppel effect of the guilty plea must also be examined before a decision on the motion to dismiss can be rendered.

A guilty plea may have collateral estoppel effect on a subsequent civil action. *Appley v. West,* 832 F.2d 1021, 1026 (7th Cir.1987). It may also have collateral estoppel effect on subsequent dischargeability proceedings in bankruptcy court. *In re Goux,* 72 B.R. 355, 360 (Bkrtcy.N.D.N.Y. 1987); *In re Vandrovec,* 61 B.R. 191, 196 (Bkrtcy.D.N.D.1986). A guilty plea must meet the same criteria as any other civil or criminal proceeding in order to have collateral estoppel effect in a subsequent proceeding. "[T]he requisite elements of collateral estoppel may be met by a plea of guilty providing the charge to which the plea is entered contains the requisite elements of the latter civil proceeding." *In re Vandrovec, supra,* 61 B.R. at 197.

In the present case, defendant pled guilty to charges of conspiracy and mail fraud. Neither charge contains all the requisite elements for nondischargeability of a debt under § 523(a)(2). For example, the crime of conspiracy involves an agreement to violate the law, not the violation of the law itself. *United States v. Frans,* 697 F.2d 188, 192 (7th Cir.), *cert. denied,* 464 U.S. 828, 104 S.Ct. 104, 78 L.Ed.2d 107 (1983). Therefore, defendant's guilty plea to a conspiracy charge involving fraud would not necessarily establish that he had made a false representation or committed fraud for purposes of § 523(a)(2). Additionally, the defendant's guilty plea on the mail fraud charge does not establish proof of fraud under § 523(a)(2) because proof that the intended victim was actually defrauded is not a necessary element of the crime of mail fraud. *United States v. Goodpaster,* 769 F.2d 374, 378–79 (6th Cir. 1985); *United States v. Keane,* 522 F.2d 534, 545 (7th Cir.1975).

Notwithstanding the fact that the elements of the crimes to which defendant pled guilty are not the same as the elements of fraud under § 523(a)(2), plaintiffs argue that the guilty plea is an admission that defendant did in fact commit fraud and that, therefore, he should be precluded from arguing that his debt to them is dis-

chargeable. Several courts have held that a plea of guilty operates as an admission of all material facts alleged in the criminal charge. *Appley v. West, supra,* 832 F.2d at 1026; *United States v. Mathews,* 833 F.2d 161, 163 (9th Cir.1987); *In re Goux, supra,* 72 B.R. at 359.

In the present case, the criminal charge against defendant specifically alleged that he had made false representations regarding the production of oil wells operated by Red River Development to induce individuals to invest in the project. By pleading guilty to the charge, defendant admitted that he had defrauded plaintiffs. However, defendant's admission does not establish all the elements necessary for nondischargeability.

As noted previously, one of the elements needed to establish nondischargeability of a debt under § 523(a)(2) is that the creditor reasonably relied on the false representation. Reasonable reliance is also an element of an Illinois common law fraud action.[1] However, reasonable reliance is not an element that was admitted to or proven by defendant's guilty plea. Therefore, while the guilty plea may establish collateral estoppel as to some of the elements of § 523(a)(2), it cannot be used to establish reasonable reliance. See, *Matter of Esposito,* 44 B.R. 817, 824 (Bkrtcy.S.D.N.Y. 1984).

In *Esposito,* the court refused to use the collateral estoppel effect of a guilty plea to establish nondischargeability of a debt under § 523(a)(2). However, the court relied on affidavits submitted in support of a motion for summary judgment to find reasonable reliance and, ultimately, to find the debt nondischargeable. *Id.* at 824–28.

The situation in the present case is distinguishable because the court in *Esposito* only had to deal with the collateral estoppel effect of one guilty plea while this Court faces a question involving two, apparently contradictory, prior actions. However, given the fact that the state court judgment in defendant's favor clearly acts as a collat-

eral estoppel as to all elements of nondischargeability under § 523(a)(2), while his guilty plea fails to address the element of reasonable reliance, this Court finds that the collateral estoppel effect of the state court judgment precludes plaintiffs from relitigating their fraud claims in this Court.

IT IS THEREFORE ORDERED that defendant's Motion to Dismiss Complaint to Determine Dischargeability of Debt is GRANTED and that the complaint is DISMISSED.

---

1. The court in the parties' state court action never reached the question of "reasonable reliance" because it found that defendant lacked the requisite knowledge and intent to deceive the plaintiffs. *Wright v. Richards, supra,* 494 N.E.2d at 1274–75, 98 Ill.Dec. at 947–48.