**In the Matter of Linda Lucille VINSON, Debtor.**

**Linda Lucille VINSON, Plaintiff,**

**v.**

**FARMER'S HOME ADMINISTRATION, Defendant.**

**Bankruptcy Nos. 79–00131G, 79–0009G.**

United States Bankruptcy Court,
N. D. Georgia.

April 22, 1980.

Winslow H. Verdery, Cornelia, Ga., for debtor.

FINDINGS OF FACT

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Plaintiff initiated this adversary proceeding to attempt to get the court to require the Farmer's Home Administration (FHA) to agree to the reaffirmation of the mortgage debt owed by the debtor to the FHA. Attached to the complaint is a proposed

loan agreement signed by debtor; but not signed by the creditor; apparently the creditor opposes the reassumption; creditor filed no response to this complaint.

## CONCLUSIONS OF LAW

Bankruptcy Code Section 524(c) which sets forth the procedures to be followed if a dischargeable debt is to be revived as a new loan agreement and rendered enforceable after the debtor's discharge refers to an "*agreement* between a holder of a claim and the debtor, . . ." [emphasis supplied] While the term "agreement" is nowhere defined by the Bankruptcy Code, the voluntary nature of the negotiation and reaffirmation of a discharged debt on the part of the debtor and the creditor is the essence of § 524(c). And, there is authority for the proposition that the Code § 524(c), reference to "*agreement between*" contemplates a completely voluntary procedure, not one forced upon a party in an adversarial action endorsed by the Bankruptcy Courts.

"An agreement is a manifestation of mutual assent on the part of two or more persons." Restatement of the Law: (2d) Contracts § 3; Williston on Contracts, Third Edition, § 2.

■ The secured creditor holding a lien on collateral of the debtor to a discharged debt may not propose an agreement or order to require the debtor to reaffirm; and the debtor likewise may not unilaterally propose an agreement or order to require the creditor to reaffirm. The statute clearly anticipates an executed, voluntary "*agreement between*" the debtor and creditor prior to the application for approval by the Bankruptcy Court at the discharge hearing.[1]

For these reasons, the complaint must be dismissed.

■ Moreover, the action permitted under § 524(c) is not one of the adversary proceedings described in Bankruptcy Rule 701; hence the procedure under § 524(c) is not governed by Part VII of the Bankruptcy Rules.

■ Procedurally, a § 524(c) proceeding is properly commenced by an Application. Applications are described under Bankruptcy Rules 901(4) "Application" as "any request to the court for relief that is not a pleading or proof of claim. . . . An application for an order against another party may be required to be made by motion."

Rule 901(9) "Motion" and the Advisory Committee's Note (4) and (9) make clearer that a motion involves a "contested petition" or to seek a determination in any other disputed matter "including adverse parties," while an application is proper to seek "an order involving no adverse party." On occasions where an Application is contested "the court may require the applicant to conform his request to a motion or pleading." Advisory Committee's Note 901(4); See Rule 914. An agreement under § 524(c) is not disputed—does not involve an adverse party.

See local Interim Bankruptcy Rule 7001(b), USBC, ND Ga.

1. Moreover, the Application for approval of the court of the reassumption of such discharged debt (which is a consumer debt that is not secured by real property) shall be accompanied by the agreement properly executed by the debtor and the holder of the secured claim. Indeed, the executed loan agreement is a prerequisite to and essential part of the Application. The agreement, as approved by the court becomes a part of the order of approval of the Application. The Application for approval of the executed agreement may all be prepared, even filed, by the approving creditor as a matter of convenience which appears to be the norm. But, it is the debtor's Application. The Application and agreement is not an adversarial or contested matter. The debtor is the movant, joined by the creditor by virtue of the agreement. The burden of proof and presentation of the Application is upon the debtor to convince the court that the debt reassumption agreement is (1) in the Debtor's best interest and (2) is not an undue hardship or burden upon the debtor or a dependent of the debtor. And the debtor's attorney for the creditor's attorney should prepare the order of approval and submit to the court for entry as per the local procedures of the court. See local Form No. _____; Order Approving Application to Reaffirm Debt; and local Interim Bankruptcy Rule 7001(b), USBC, ND Ga.

The court also finds that because neither the FHA, the United States Attorney, nor the Attorney General were served pursuant to and as required by Bankruptcy Rule 704(d)(4), the complaint must be dismissed.

Plaintiff's request is hereby DENIED. The complaint is DISMISSED.