**In re James Dale WEST, and Sharon Kay West, Debtors.**

**James Dale WEST, and Sharon Kay West, Plaintiffs/Appellees,**

v.

**LOWRY FEDERAL CREDIT UNION, Defendant/Appellant.**

No. 88–F–1573.

Bankruptcy No. 88 B 1371 A.

United States District Court, D. Colorado.

Feb. 7, 1989.

Bryan A. Nix, Denver, Colo., for plaintiffs/appellees.

Barry Meinster, Denver, Colo., for defendant/appellant.

### MEMORANDUM OPINION AND ORDER

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on appellants' appeal from the order of the Bankruptcy Court, enjoining appellant from acting to possess debtor's automobile, and refusing to require debtors to reaffirm their debt to appellant or to redeem the collateral. Jurisdiction in this court is based on 28 U.S.C. Section 1334(a). For the reasons stated below, the order of the bankruptcy court is affirmed.

Appellant Lowry Federal Credit Union ("Lowry") holds a promissory note written by debtors James Dale West and Sharon Kay West ("debtors"). Debtors took out the loan for the purpose of purchasing a 1986 pick-up truck, and the note is secured by the vehicle. The security agreement stated that debtors would be in default if Lowry's ability to realize on the collateral is significantly reduced. Debtors then filed a voluntary petition for bankruptcy. The debtors have since been granted a discharge by the bankruptcy court. At no time were debtors in default on their payments, and they have continued to maintain adequate insurance on the vehicle.

Lowry contends that the discharge puts debtors in default of the security agreement, and that Lowry is therefore entitled to repossession of the vehicle unless debtors redeem the collateral under 11 U.S.C. Section 722, or reaffirm personal liability on the debt under 11 U.S.C. Section 524. The security agreement stated as follows:

Default—You will be in default if you do not make a payment of the amount required when it is due. You will be in default if you die, file for bankruptcy, or become insolvent, that is, unable to pay your obligations when they become due. You will be in default if your ability to pay what you owe or to perform your other obligations under this Plan is significantly reduced. You will also be in default if something happens which significantly reduces the credit union's ability to realize on any property you have given as security.

Lowry argues that since the discharge eliminates personal liability on the debt, Lowry's ability to realize on the property used as security is reduced. Lowry reasons that since personal liability has been removed, debtors have no incentive to adequately maintain the vehicle, and Lowry's ability to realize on the collateral is therefore reduced.[1]

In *Riggs National Bank of Washington, D.C. v. Perry*, 729 F.2d 982 (4th Cir.1984), the court found that filing of a Chapter 7

---

1. The court notes that it does not have the benefit of the appellees' arguments, since they have not filed a responsive brief in this appeal. The court does not approve of this practice, as it does not read the provision for filing a response brief in Bankruptcy Rule 8009(a)(2) to be merely permissive.

case alone did not put the debtor in default of a security agreement for an automobile loan. *Id.*, at 984–85. The court also held that loss of personal liability did not entitle the creditor to relief from stay. *Id.*, at 985. The court stated as follows:

> Nevertheless, appellant's position is no more fragile, due to the Chapter 7 filing alone, than that of any lender under an installment sales contract. We can muster even less sympathy for institutional lenders; they are fully cognizant of the risks inherent in the making of loans, default among them, and receive substantial interest payments to help offset those risks. This Court declines to exact additional obligations from debtors who merely file under Chapter 7 while they maintain their fiscal responsibilities.

*Id.* Although the court's holding involved an application for pre-discharge relief from stay, the court's reasoning indicates that loss of personal liability in and of itself does not create default under a security agreement. *See also, In re Rosenow,* 22 B.R. 99 (Bankr.W.D.Wash.1982); *In re Berenguer,* 77 B.R. 959, 960 (Bankr.S.D. Fla.1987); *In re Cassell,* 41 B.R. 737 (Bankr.E.D.Va.1984).

Here, the bankruptcy court found that debtor was not in default of the security agreement. This court finds that appellants have failed to present evidence to the bankruptcy court which demonstrates default under the security agreement. There was no evidence before the bankruptcy court that debtors had actually failed to maintain the vehicle, and it would require speculation to conclude that the removal of personal liability alone would result in failure to maintain the vehicle.

Lowry also relies on *In re Bell,* 700 F.2d 1053 (6th Cir.1983), in arguing that debtors are required to reaffirm the debt or redeem the collateral. There, the court stated that "it has been recognized that a return of abandoned property to the party with the primary possessory interest (usually the debtor) merely provides that debtor with time to enforce his right to redeem the property under Section 722 or to seek a reaffirmation of the agreement under Section 524(c)." *Id.* at 1057. The court in *Bell* also found, however, that the debtors were in default of their obligations under the security agreement. *Id.* at 1058. Again, no default of the security agreement has been demonstrated in the instant case. In *Riggs National Bank of Washington, D.C. v. Perry,* 729 F.2d 982 (4th Cir.1984), the court did not reach the issue of whether the debtor was required to reaffirm or redeem the collateral, since that case arose in the context of pre-discharge relief from automatic stay. *Id.,* at 986. The court held, however, that additional obligations should not be imposed on debtors who are current on their payments, merely because they filed under Chapter 7. *Id.,* at 985.

This court finds that since debtors were not in default of their obligations, they are not required to reaffirm the debt or redeem the collateral. Discharge under Chapter 7 was not designed to place more onerous burdens on debtors than they bore prior to bankruptcy. Absent a contractual default under the security agreement, discharge of the debtor does not create a right to repossess the vehicle, or to require redemption or reaffirmation. *Accord, In re Peacock,* 87 B.R. 657 (Bankr.D.Colo.1988); *In re Ballance,* 33 B.R. 89 (Bankr.E.D.Va.1983); *In re Brock,* 23 B.R. 998 (Bankr.D.D.C. 1982).

ACCORDINGLY, the decision of the Bankruptcy Court enjoining appellant from acting to possess debtor's automobile, and refusing to require debtors to reaffirm their debt to appellant or to redeem the collateral is AFFIRMED.