**In re Ann Jean NIKOKYRAKIS, Debtor.**

**Bankruptcy No. 489–00811.**

United States Bankruptcy Court, N.D. Ohio.

Nov. 20, 1989.

Robert E. Naylor, Conneaut, Ohio, for Ann Jean Nikokyrakis, debtor.

Dennis P. Murray, Ashtabula, Ohio, for Soc. Nat. Bank.

## MEMORANDUM OPINION

WILLIAM T. BODOH, Bankruptcy Judge.

The matter before the Court is the Motion of SOCIETY NATIONAL BANK for relief from stay and abandonment of a 1980 Lincoln automobile.

## FACTS

Although the parties did not stipulate to facts in this case, the following facts appear to be undisputed. The Debtor filed her Petition for Relief under 11 U.S.C. Chapter 7 with this Court on June 8, 1989. At that time, the Debtor filed a Statement of Intentions pursuant to 11 U.S.C. Sec. 521(2)(B), which indicated that she wished

to reaffirm her debt to SOCIETY NATIONAL BANK which is secured by a 1980 Lincoln Town Car. The first meeting of creditors was held pursuant to 11 U.S.C. Sec. 341 on August 18, 1989. At this meeting, the Debtor indicated to counsel for SOCIETY BANK that she intended to reaffirm her debt with SOCIETY. On that same date, counsel for SOCIETY mailed a reaffirmation agreement to the Debtor's counsel, who then forwarded it to the Debtor for her to sign. On September 11, 1989, this Court entered an Order of Discharge of the Debtor. Due to poor health, the Debtor did not execute the reaffirmation agreement until two days after the discharge was granted. The agreement was then sent to counsel for SOCIETY BANK, who indicated that SOCIETY no longer wished to reaffirm the debt. The reaffirmation agreement itself was prepared by counsel for SOCIETY BANK on the law firm's personalized legal forms. The form provided a space for the Debtor's signature, but none for the signature of an agent of SOCIETY. A space is provided for the signature of SOCIETY's counsel under the designation "APPROVED BY:", but this line remains blank. At the hearing on this Motion, counsel for SOCIETY BANK was able to provide no reason why his client now did not wish to reaffirm. This Court presumes that the Bank has elected to repossess and sell the automobile and pursue the co-maker on the note for any deficiency from that sale. It appears that the Debtor is current in her loan payments to SOCIETY. In its Motion filed September 21, 1989, SOCIETY contends that the Debtor was past due on her September 14, 1989 payment. However, at the hearing on this Motion, SOCIETY's counsel did not dispute the assertion made by the Debtor's counsel that the Debtor was at that time current in making payments. No evidence is before us on Debtor's payment history since the hearing on the motion.

## DISCUSSION

■ 11 U.S.C. Sec. 362(d) provides:

... the court shall grant relief from the stay ...

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if—(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization.

The Motion of SOCIETY does not meet either of the two standards set forth in Sec. 362(d). The only cause for relief relied upon by the Bank is the fact that one payment was at that time seven days past due. That does not constitute sufficient cause as required by 11 U.S.C. Sec. 362(d)(1). The Bank did not allege the existence of the elements required by Sec. 362(d)(2). Rather, the Bank simply asserted that "the property is burdensome to, or of inconsequential value to, the foregoing estate." *Motion of Society Nat'l. Bank*, at p. 2. These are the requirements for abandonment of property of the estate under 11 U.S.C. Sec. 554(a). Although relief from stay under Sec. 362 and abandonment under Sec. 554 often go hand in hand, the mere recitation of the requirements for abandonment does not supply the necessary elements for relief from stay.

■ The Bank also asserts that the intervening discharge "acted as an abandonment" of the collateral. *Motion of Society Nat'l. Bank*, at p. 2. This assertion is incorrect. Property which is not otherwise abandoned or administered in the case remains property of the estate until the case is closed. 11 U.S.C. Sec. 554(c) and (d). SOCIETY has failed, in its Motion, to set forth the facts necessary to meet the requirements of Secs. 362 and 554 providing for relief from stay and abandonment.

At the hearing on this Motion, a new issue stepped to the forefront. The Debtor contends that she executed the reaffirmation agreement pursuant to what she thought to be an understanding with the Bank that the debt would be reaffirmed. The Bank asserts that it never entered the agreement, which was signed only by the Debtor after the discharge. The Bank contends that reaffirmation agreements are

entirely voluntary in nature; therefore, the Bank may refuse to enter such an agreement for any reason, or for no reason whatsoever. In this regard, the Bank relies heavily upon *In re Bell,* 700 F.2d 1053 (6th Cir.1983) and *In re Whatley,* 16 B.R. 394 (Bankr.N.D.Ohio 1982).

In *Whatley,* Judge White of this Court considered circumstances very similar to those in the present case. That case involved a car loan in which the creditor was fully secured and the Chapter 7 debtor was current in making all her monthly loan payments. Indeed, the debtor was not in default of any term of the loan agreement except a "due-on-bankruptcy" provision. *Whatley,* 16 B.R. at 395. The debtor filed a motion to compel reaffirmation, claiming that the loan agreement was an executory contract which she could accept under 11 U.S.C. Sec. 365(e).

The Court held that redemption under 11 U.S.C. Sec. 722 requires a lump-sum payment to the creditor. In addition, reaffirmations, which allow payments over time, are consentual in nature. "No authorization is given the Bankruptcy Court to require a creditor, or a debtor, to enter into a reaffirmation agreement." *Whatley,* 16 B.R. at 396. Finally, the Court held that the loan contract in that case was not an "executory contract" under 11 U.S.C. Sec. 365. The Court looked to legislative history which indicated that a "note is not usually an executory contract if the only performance that remains is repayment." *Whatley,* 16 B.R. at 397 *quoting* H.R.Rep. No. 95–595, 95th Cong., 1st Sess., 347 (1977), 1978, U.S.Code Cong. & Admin. News 5787, 6303–6304. Because the loan contract was not an executory contract, 11 U.S.C. Sec. 365(e) could not be invoked to nullify the "due-on-bankruptcy" clause. *See* 11 U.S.C. Sec. 365(e)(1)(B).

The Court's decision in *Whatley* received the implicit approval of the Sixth Circuit in *In re Bell.* There, the Court of Appeals, citing *Whatley,* states that

Section 524(c) facially contemplates that the creditor, for whatever reason, may reject any and all tendered reaffirmation offers; sec. 524(c) envisions execution of an 'agreement' which, by definition, is a voluntary undertaking.

*Bell,* 700 F.2d at 1056.

■■ Before reaching the application of these cases to the case at bar, the Court wishes to note the dilemma which these cases create for certain debtors. Although the reasoning in *Whatley* and *Bell* appears to be reasonable and consistent with legislative intent, the resulting policy of these cases gives effect to due-on-bankruptcy clauses which are disfavored in other sections of the Bankruptcy Code. This Court agrees with Judge White's conclusions regarding redemption and reaffirmation in *Whatley.* That is, there may be no forced reaffirmations; the two procedures are distinct from one another. Redemptions must be made in one lump-sum payment, if at all, and reaffirmations are voluntary for both the debtor and the creditor. *See, In re Stewart,* 3 B.R. 24 (Bankr.N.D.Ohio 1980); *In re Zimmerman,* 4 B.R. 739 (Bankr.S.D. Cal.1980); *In re Vinson,* 5 B.R. 32 (Bankr. N.D.Ga.1980). The dilemma arises in the not uncommon situation where a debtor who is not otherwise in default of a security agreement files a Chapter 7 petition. If the debtor is not permitted to avoid the application of a "due-on-bankruptcy clause," then the debtor must either raise the funds to pay the redemption value or submit to the creditor's terms in a reaffirmation agreement. Indeed, it has been suggested, and the language of *Bell* has been interpreted to mean, that the Debtor must choose between redemption and reaffirmation regardless of the effect of a due-on-bankruptcy clause.[1] *In re Peacock,* 87 B.R. 657 (Bankr.D.Colo.1988); *In re West,* 101 B.R. 648, 650 (D.Colo.1989).

Because the requirement that a debtor redeem or reaffirm creates such a hardship

---

**1.** This Court notes, as did the Tenth Circuit Court of Appeals in *Lowry Fed. Credit Union v. West,* 882 F.2d 1543, 1547 n. 7 (10th Cir.1989), that the finding in *Bell* was limited to the issue of whether a redemption under 11 U.S.C. Sec.

722 could be made in installments. However, the Court's opinion does suggest that a debtor must either redeem or reaffirm, although this issue was not before the Court. *Bell,* 700 F.2d at 1056.

for the debtor who is not otherwise in default, many courts have reached the contrary result. One court noted

> [t]he *Bell* opinion has been criticized in holding that the creditor can force the debtor to redeem the collateral or reaffirm the debt, or the creditor gets immediate possession of abandoned collateral, despite no default in payments on the obligation. A majority of the courts hold to the contrary.

*In re Peacock*, 87 B.R. at 660, *citing Riggs National Bank of Washington v. Perry*, 729 F.2d 982 (4th Cir.1984); *In re Berenguer*, 77 B.R. 959 (Bankr.S.D.Fla.1987); *In re Winters*, 69 B.R. 145 (Bankr.D.Or.1986); *In re Ballance*, 33 B.R. 89 (Bankr.E.D.Va. 1983); *In re Brock*, 23 B.R. 998 (Bankr.D. C.1982); and *In re Rosenow*, 22 B.R. 99 (Bankr.W.D.Wash.1982). The *Peacock* court, considering facts very similar to those in the present case, held that "[a] creditor cannot force a default upon a debtor by the use of the *ipso facto* clause of a contract solely because of a bankruptcy filing," and therefore a debtor who was not in default had the option to simply continue making payments on the contract. *Peacock*, 87 B.R. at 659, 661. This conclusion seems to be more consistent with the general intent of Congress to invalidate *ipso facto* clauses, and it lifts a heavy burden from the shoulders of a particularly deserving class of debtors. *See, Matter of Rose*, 21 B.R. 272, 276 (Bankr.D.N.J.1982).

▮ The issues presented in the cases discussed above are worthy of inclusion here because they are raised by the case of Ms. Nikokyrakis. However, it is not necessary for this Court to base its ruling on the above case law because the present case includes facts which are not common to the cases noted above. In the present case, the Bank, based on the Debtor's wishes expressed at the meeting of creditors, tendered a reaffirmation agreement to the Debtor. Although, as discussed above, the Bank could have refused to reaffirm, it would be fundamentally unfair to permit the Bank simply to change its mind.

This Court finds that the Bank is equitably estopped from denying the existence of a binding reaffirmation agreement. The elements of equitable estoppel in Ohio were recently stated succinctly by the Ohio Supreme Court:

> Equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon that conduct.

*State, ex rel. Cities Service Oil Co. v. Orteca*, 63 Ohio St.2d 295, 409 N.E.2d 1018, 1020–1021 (1980); *see also, Apponi v. Sunshine Biscuits, Inc.*, 652 F.2d 643, 650 n. 8 (6th Cir.1981) (setting forth several definitions of estoppel in Ohio). The Debtor in this case certainly relied on the conduct of the Bank when she signed the reaffirmation agreement form. Although it had several opportunities, the Bank never indicated any reluctance to the reaffirmation until after the discharge was granted. The Bank in this case seeks equity without doing equity. "Bankruptcy matters are ... inherently proceedings in equity ... and must foster equitable results." *Matter of Rose*, 21 B.R. at 276, *citing Katchen v. Landy*, 382 U.S. 323, 336–337, 86 S.Ct. 467, 476–477, 15 L.Ed.2d 391 (1966). It is hard to imagine more inequitable conduct than the Bank's refusal to reaffirm a security agreement in which there has been no material default by the Debtor.

By overruling the Bank's Motion for Relief from stay and holding it to the reaffirmation agreement it tendered, this Court has put the Bank in a position no worse than that which it held before the bankruptcy. Indeed, the Bank's position would have been no worse if it had simply permitted the Debtor to make payments without regard to the bankruptcy. The Bank in this case had the additional advantage of constructing terms for reaffirmation. As the Tenth Circuit noted in a similar situation,

> [w]e are in accord with the District and Bankruptcy Courts that the mere filing of the petition has not put [the creditor] in any more jeopardy than that which existed prior to the filing of the petition.... While evidence of actual prejudice might persuade us to the contrary, we can see no harm resulting to [the creditor] from the order of the Bankruptcy Court [which held that since the debtors were not otherwise in default, they

were not required to reaffirm the debt or redeem the collateral].

*Lowry,* 882 F.2d at 1546, *affirming In re West,* 101 B.R. at 650.

■ Finally, the Bank contends that the Debtor is barred from entering a reaffirmation agreement by the intervening discharge. The Order of Discharge in this case may have taken both the Debtor and the creditor by surprise, as it was entered only one month after the meeting of creditors was held. This meeting was postponed from the date first set, and the discharge was properly granted sixty days after the first date set for the meeting of creditors. Bankruptcy Rule 4004. In any event, the Bank offers no authority for this proposition, and, in fact, the Bankruptcy Code contemplates post-discharge reaffirmations. The procedure for such a reaffirmation is set forth in 11 U.S.C. Sec. 524(d), which requires "a hearing at which the debtor shall appear in person." Such a hearing has not occurred in this case; therefore, an appropriate Order shall issue directing the Debtor, through her counsel, to arrange for such a hearing.

### ORDER

The matter before the Court is the Motion of SOCIETY NATIONAL BANK for relief from stay and abandonment of a 1980 Lincoln automobile. For the reasons stated in the accompanying Memorandum Opinion, the Motion is denied, and the Court finds that the Debtor and SOCIETY NATIONAL BANK are bound by the reaffirmation agreement executed September 13, 1989.

Counsel for the Debtor is directed to obtain from the Clerk of Court a time for a hearing at which the Debtor shall appear in person pursuant to 11 U.S.C. Sec. 524(d) and Bankruptcy Rule 4008. The time period in which this hearing must be held is hereby enlarged, *sua sponte,* pursuant to Bankruptcy Rule 9006(b).

IT IS SO ORDERED.