**In re Morris Murry MACKEY, Debtor.**

**Harold J. BAER, Jr., and Harold J. Bear, Jr., P.C., Appellants,**

**v.**

**Harry MATTHEWS, d/b/a Vintage Sales and Leasing, Haligman and Lottner, P.C., and Associated Financial Services of Colorado, Inc., Appellees.**

**Civ. A. No. 90–K–1843.**
**Bankruptcy No. 89 B 12075 C (BK).**

United States District Court,
D. Colorado.

Jan. 14, 1991.

84

Larry A. Sigman, Timothy C. Ford, Aronowitz, Helgeson & Ford, Denver, Colo., for Assoc. Financial Co.

Curt Todd, Haligman & Lottner, Englewood, Colo., for Harry Matthews, Haligman & Lottner.

Mark L. Davis, Denver, Colo., for appellants.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

The debtor in this case, Morris Mackey, filed a Chapter 13 bankruptcy petition on September 5, 1989. The debtor's wife also filed a Chapter 7 bankruptcy petition on October 2, 1989. Their counsel was Harold J. Baer, Jr., P.C. The law firm employs Harold Baer, Jr. and Karen Smith. Both attorneys participated in the representation of the debtor.

During the proceedings, two creditors objected to the Chapter 13 plan submitted to the Bankruptcy Court (Clark, J.) The creditors are Associated Financial Services, ("Associates") represented by Aronowitz, Helgeson, & Ford, and Harry Matthews ("Matthews") represented by Haligman & Lottner. There were several problems with the plan. After extensive hearings in the Bankruptcy Court, the bankruptcy judge concluded several of the debtor's obligations were not disclosed; the debtor misrepresented his whereabouts in a continuance motion; the debtor made additional purchases both six months before and after the filing; and the debtor misstated sources of income.

The bankruptcy judge concluded the original plan and amendments to the plan were not filed in good faith according to standards set out in *Flygare v. Boulden*, 709 F.2d 1344 (10th Cir.1983). Pursuant to 11 U.S.C. §§ 105 and 349, the case was dismissed with prejudice, and the debtor was prohibited from filing any further petitions for the following six months.

But Judge Clark was not finished. She sanctioned debtor's attorney, Harold J. Baer, Jr. and his associate. Citing 28 U.S.C. § 1927, the judge found the attorneys' conduct "demonstrate[d] a reckless disregard of their duties to the Court to avoid the multiplication of proceedings." (Bankr.Mem. and Order, June 21, 1990 at 9, citing *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir.1987)).

To support her conclusion, the Bankruptcy Court found: 1) counsel made no at-

tempt to amend the debtor's budget in light of inaccuracies in the plan; 2) counsel made no effort to withdraw the plan which, by his own admission, was not confirmable; and 3) counsel admitted to spending only 20 minutes investigating matters upon which hours were spent at the hearing before the court. Thus, the court assessed the excess costs, expenses and attorney's fees incurred by the creditors due to the "unreasonable multiplication of proceedings" on counsel for the debtor. (Baer's first year associate, Smith, was ordered to pay $400 and the remainder was to be collected from Baer.)

The court then requested fee applications and affidavits from counsel for Associates and for Matthews. The judge found attorneys, Baer and Smith's, objections deficient due to a lack of specificity. Further, Baer missed his July 11, 1990 deadline to file objections by seven days. Hence, the bankruptcy judge awarded sanctions in the amount of $7,476.72 payable to Matthews, and his counsel, and $2,635.30 to Associates and its counsel (Bankr. Orders, September 21, 1990). Attorney Smith, Baer's first year associate paid the penalty assessed against her. Baer appealed the September 21 order on October 17, 1990.

Both creditors move to dismiss this appeal by Baer. They support their motion with several examples of insouciance on the part of Baer. First, Baer filed a deficient designation of items to be included in the record and statement of issues on appeal. I granted the creditors' motion to strike Baer's designation.

Next, Baer missed his deadline to file his appellate brief. The record on appeal was docketed with this court on November 19, 1990; under F.R.B.P. 8009(a)(1), appellant "shall" file his brief within 15 days. Due December 4, 1990, his brief was eventually filed on December 20, 1990. Although rule 8009(a) is not jurisdictional, it is not merely permissive. *West v. Lowrey Federal Credit Union (In re: West)*, 101 B.R. 648, 649 note 1 (D.Colo.1989) While some courts have dismissed appeals for violation of Rule 8009(a), many do not because the client suffers due to the attor-

ney's error. Such is a matter of judicial discretion. Here, the attorney is the party.

Complicating the case is the brief eventually filed by Baer. It addresses only the merits of the appeal. His papers discuss the reasonableness, *vel non,* of the sanctions and not whether the appeal should be dismissed. No response to the motion to dismiss was filed.

Finally, creditors (who are also judgment creditors against Baer) served Writs of Garnishment on Chapter 13 Trustee, Sally Zeeman. She sent a check in the amount of $10,030.90 to the District Court Registry. The deadline for objection to and exemptions from garnishment passed without complaint. Based on the foregoing,

IT IS ORDERED that the motion to dismiss is GRANTED, and

IT IS FURTHER ORDERED that the case is remanded to the Bankruptcy Court with instructions to determine additional costs and attorney fees to be imposed against Harold J. Baer, Jr., personally, and Harold J. Baer Jr., P.C. for costs and attorney fees incurred since the Bankruptcy Court's last determination including all costs and attorney fees on this appeal, and

IT IS FURTHER ORDERED that this matter be referred to the U.S. District Court's Committee on Conduct and that this Order serve that Committee as a complaint by the undersigned against Harold J. Baer Jr. for gross dereliction of the duties and obligations of a member of the bar of this court and for repeated and pervasive violations of Disciplinary Rule VI.