**In re Terry Ray WHITMER, April Louise Whitmer, Debtors.**

**Bankruptcy No. 2–91–02689.**

United States Bankruptcy Court, S.D. Ohio, E.D.

June 25, 1992.

**812**

James Maxwell, Jr., Columbus, Ohio, for debtors.

Gregory A. Lowe, Asst. Vice President, County Savings Bank, Columbus, Ohio, for County Savings Bank.

David M. Whittaker, Columbus, Ohio, Chapter 7 Trustee.

ORDER ON MOTION OF CREDITOR FOR ORDER APPROVING REAFFIRMATION AGREEMENT

DONALD E. CALHOUN, Jr., Bankruptcy Judge.

This matter is before the Court on the Motion of Creditor, County Savings Bank ("CSB") for an Order Approving Reaffirmation Agreement.

The Court is vested with jurisdiction pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this district. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

I. *Findings of Fact*

Terry Ray Whitmer and April Louise Whitmer ("Debtors") filed a voluntary joint petition for relief under Chapter 7 on April 8, 1991. CSB is a creditor whose interest is secured by the first mortgage on the Debtors' residence. The Debtors had indicated that they wished to reaffirm their debt to CSB.

Paragraph five of the Order for Meeting of Creditors, Combined with Notice Thereof and of Automatic Stay filed April 17, 1991 instructed the parties to file a reaffirmation agreement or request deferral of the discharge by July 15, 1991 to insure that reaffirmation agreements precede the issuance of the discharge.

The Debtors' discharge was issued on August 14, 1991. The Reaffirmation Agreement for which CSB requests court approval was executed on or about August 27, 1991, some 13 days after the discharge. CSB maintains that the Court may approve the post-discharge reaffirmation agreement pursuant to 11 U.S.C. § 524(d).

II. *Conclusions of Law*

A.   11 U.S.C. § 524(c)

Congress has sought to protect the debtor in proceedings in bankruptcy by closely defining the circumstances under which reaffirmation agreements are permitted to be enforced. As part of these protective efforts, section 524(c)(1) requires that a reaffirmation agreement must be entered into before the granting of a discharge in order to be valid and enforceable.

█ Congress recognized the granting of the discharge as a significant terminal point in a chapter 7 bankruptcy. The discharge injunction "is to eliminate any doubt concerning the effect of discharge as a total prohibition on debt collection ef-

forts." S.Rep. No. 95–989, 95th Cong.2d Sess. 80, *reprinted in* 1978 U.S.CODE CONG. & ADMIN. NEWS 5787, 5866. In addition, the protection of the automatic stay is also dissolved by the granting of the discharge. 11 U.S.C. § 362(c)(2)(C).

Continuing solicitations for reaffirmation agreements after the granting of a discharge would act against the finality of the debtor's rehabilitation, evidenced by the discharge, at a time when the debtor is not shielded by the protective mechanism he previously enjoyed. "In light of the underlying policy to limit the enforceability of reaffirmation agreements, undermining of the timely filing requirement should not be undertaken lightly." *In re Burgett*, Case No. C2–89–110, slip op. at 5 (S.D.Ohio 1989—May 31, 1989).

The time frame imposed by § 524(c)(1) may be expanded at the debtor's option. Under Bankruptcy Rule 4004(c), the Court may grant a 30–day extension of the entry of an order of discharge upon motion of the debtor. Utilization of Rule 4004(c) provides debtors with relief from the filing deadline imposed by § 524(c)(1), but only if debtors avail themselves of such relief before the discharge is entered. Further, on application within the 30–day extension, the court may further defer the entry of the discharge to a date certain. The advisory committee notes to Rule 4004(c) provide further insight:

> [Rule 4004(c)] takes cognizance of § 524(c) of the Code which authorizes a debtor to enter into enforceable reaffirmation agreements only prior to entry of the order of discharge. Immediate entry of that order after expiration of the time fixed for filing complaints objecting to discharge may render it more difficult for a debtor to settle pending litigation to determine the dischargeability of a debt and execute a reaffirmation agreement as part of a settlement.

Fed.R.Bankr.P. 4004 Advisory Committee Notes (1983).

### B. 11 U.S.C. § 524(d)

Section 524(d) provides:

(d) In a case concerning an individual, when the court has determined whether to grant or not to grant a discharge under section 727, 1141, 1228, or 1328 of this title, the court may hold a hearing at which the debtor shall appear in person. At any such hearing, the court shall inform the debtor that a discharge has been granted or the reason why a discharge has not been granted. *If a discharge has been granted and if the debtor desires to make an agreement of the kind specified in subsection (c) of this section, then the court shall hold a hearing at which the debtor shall appear in person....* (emphasis provided).

CSB's contention that post-discharge reaffirmations are available pursuant to the above-cited section is likely based on the underlined language of the provision. Indeed, the language of the provision is unfortunate, for at first glance it appears to be open to the interpretation espoused by CSB.

Preliminarily, the principles of statutory construction must guide the Court's review. In construing legislation, courts must be primarily concerned with effectuating the legislative intent ascertained from the clear language of the statute itself or legislative history which reveals this intent. The language of § 524(d) is not so clear that resort to legislative history is improper. Ambiguity in the language of the statute warrants investigation into the legislative history and, where the provision is ambiguous, it should be considered with the related sections of Title 11 to ascertain the legislative intent. *In re Arnett*, 731 F.2d 358, 360 (1984).

The sparse legislative history and comment to 11 U.S.C. § 524 reveals that the underlined language relied upon by CSB was not intended to be used as a vehicle by which parties could enter into post-discharge reaffirmation agreements subject to court approval. In other words, § 524(d) does not provide an alternative mechanism whereby parties who have failed to comply with the provisions of § 524(c) may enter into post-discharge reaffirmation agreements.

The editor's comment to 11 U.S.C. § 524(d), though brief, is a source of clarification. The comment states:

Subsection (d) was amended by § 257.01 of the Bankruptcy Act of 1986 to add cross-reference to § 1228 and § 282 and to delete the requirement that the Court "shall" hold discharge hearings and to add that "the court shall hold a hearing at which the debtor shall appear in person" if a discharge has been granted and the debtor desires to enter into a reaffirmation agreement. Thus, while the courts can pass a local rule to avoid having to hold discharge hearing, reaffirmation hearings are still required.

The purpose of the underlined language of § 524(d) was to ensure that the required reaffirmation hearings were not discontinued. The reaffirmation agreements to be reviewed by the Court at the reaffirmation hearing are to be in compliance with the requirements of § 524(c). Section 524(d) requires the Court to hold a hearing when the debtor wishes to enter into a reaffirmation agreement *and* the requirements of § 524(c) have been met.[1] The purpose of § 524(d) is to inform the debtor that such an agreement is not required, and that such an agreement has certain legal consequences, as does default under the agreement. Such a construction is consistent with the underlying policies of the Code to limit the enforceability of reaffirmation agreements and to provide finality to proceedings in bankruptcy. While the Court recognizes that the wording of § 524(d) does not foreclose its use as a basis for the position maintained by CSB, in light of the legislative history, it is clear that § 524(d) was not intended to afford relief to those who fail to comply with § 524(c).

Contrary to the position of CSB, failure to follow the time constraints imposed by § 524(c)(1) cannot be remedied by court approval. This Court lacks jurisdiction to enter the order requested by CSB, because the proposed reaffirmation agreement was not entered into prior to discharge. See *Matter of McQuality*, 5 B.R. 302 (Bankr. S.D.Ohio 1980).

Courts have consistently applied the reaffirmation procedures, in accordance with the legislative intent, to protect the interests of debtors. *In re Smurzynski*, 72 B.R. 368, 370 (Bankr.N.D.Ill.1987); *In re Eccleston*, 70 B.R. 210, 212 (Bankr. N.D.N.Y.1986). These procedures are to be observed even in the absence of any evidence of coercion by the creditor. *In re Gardner*, 57 B.R. 609, 611 (Bankr.D.Me. 1986). Reaffirmation agreements which are not entered into prior to the granting of the debtor's discharge pursuant to § 524(c) are unenforceable. *Smurzynski*, 72 B.R. 368, 370; *Eccleston*, 70 B.R. 210, 211.

One case, *In re Nikokyrakis*, 109 B.R. 260 (Bankr.N.D.Ohio 1989), does hold that the granting of the discharge does not bar the debtor from entering into a reaffirmation agreement. However, the *Nikokyrakis* opinion is factually distinguishable from the case at bar and is based upon principles of equitable estoppel. In *Nikokyrakis*, the debtor at the meeting of creditors indicated that she wished to reaffirm her debt to a creditor bank and secured by a car. Although the bank was free to reject debtor's proposal, the bank tendered a reaffirmation agreement which was prepared by counsel for the bank. Due to poor health, the debtor did not execute the proposed agreement until two days after the discharge was granted. After the discharge, the bank indicated that it no longer wished to reaffirm the debt, although no reasons for the change in position were provided.

The *Nikokyrakis* court began its analysis by setting forth the elements of equitable estoppel in Ohio. Having determined that these elements were satisfied, the court held that the creditor was equitably estopped from denying the existence of a binding reaffirmation agreement. Although the court in *Nikokyrakis* does

---

1. The Southern District of Ohio, Eastern Division, by order of the bankruptcy judges, does not hold reaffirmation hearings. Instead, an Order Regarding Reaffirmation Agreement Warning, advising the debtor of the effects of reaffirmation, is distributed to debtors by the chapter 7 trustee at the meeting of creditors. The debtor is required to read and sign the Order and return it to the trustee. The trustee then has the Order filed with this Court.

state, "The Bankruptcy Code contemplates post-discharge reaffirmation", and "The procedure for such a reaffirmation is set forth in 11 U.S.C. § 524(d) which requires 'a hearing at which the debtor shall appear in person' ", it is not clear that this determination was essential to the disposition of the case. The equities at work in *Nikokyrakis* are clearly lacking in the instant action, and thus we find the case inapposite.

■ Finally, this Court notes that the Debtors are free to voluntarily repay the debt pursuant to 11 U.S.C. § 524(f). However, such agreements are ordinarily required to meet certain standards and are clearly not enforceable in this Court. *In re Petersen,* 110 B.R. 946, 950 (Bankr.D.Colo. 1990); *Matter of Heller,* 123 B.R. 782, 784 (Bankr.S.D. Ohio 1991). Therefore, it is hereby

ORDERED that the Motion for Approval of Reaffirmation Agreement filed by Creditor CSB is DENIED.

IT IS SO ORDERED.