1 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re Gwendolyn H. GUERRANT Debtor.
Gwendolyn H. GUERRANT, also known as Gwendolyn H. Ford,
Plaintiff-Appellant,
v.
SUNBELT NATIONAL MORTGAGE CORP., formerly known as Westwood
Mortgage Company, Defendant-Appellee.
 No. 92-2363.
 United States Court of Appeals, Sixth Circuit.
 Aug. 9, 1993.
 
 Before: GUY and NELSON, Circuit Judges; and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 In June of 1989, Gwendolyn H. Guerrant filed a petition for relief under Chapter 13 of the Bankruptcy Code in the Eastern District of Michigan. The petition was dismissed on November 16, 1989. Thirteen days later, Guerrant filed a second Chapter 13 petition. On November 8, 1990, one of Guerrant's creditors, Sunbelt National Mortgage Corporation, obtained an order lifting the automatic stay of the second petition as to it. Sunbelt, which held the mortgage on Guerrant's house, planned to foreclose on September 25, 1991. Two days before it could do so Guerrant filed a third Chapter 13 petition. This third petition was filed despite the fact that the second petition was neither dismissed nor discharged at the time.
 
 
 2
 Sunbelt then moved to lift the automatic stay of the third petition. The bankruptcy court granted that motion and ordered sanctions and costs against Guerrant's attorney in the amount of $3,870.00, because it found that Guerrant's attorney had deliberately and in bad faith filed one bankruptcy petition while another was pending. A timely appeal was filed on the issue of sanctions alone, and the case was docketed on March 13, 1992. On August 3, Sunbelt filed a motion to dismiss Guerrant's appeal for failure to file a brief within the 15-day time limit imposed by Bankruptcy Rule 8009(a)(1).[1] On September 16, 1992, Guerrant filed her appellate brief. On October 7, the district court dismissed the appeal. Claiming an abuse of discretion, Guerrant then filed this appeal. Upon review, we find no error and affirm.
 
 
 3
 On appeal to this court, Guerrant continues to maintain that the original issuance of sanctions by the bankruptcy court was improper. In addition, Guerrant contends that the district court abused its discretion by dismissing the case, for such a remedy is unduly harsh under these circumstances. The latter issue is the only one properly before us.
 
 
 4
 Time limitations imposed by Rule 8009 of the Bankruptcy Code are not jurisdictional, and the district court is not automatically required to dismiss the appeal of a party who has failed to meet those deadlines. In re Tampa Chain Co., Inc., 835 F.2d 54, 55 (2d Cir. 1987). Whether to dismiss an appeal for failure to file a timely appellate brief is within the court's discretion. In re Beverly Mfg. Corp., 778 F.2d 666, 667 (11th Cir. 1985); In re Mackey, 123 B.R. 83, 85 (D. Colo. 1991). Dismissal is appropriate "where a party has exhibited a consistent pattern of dilatoriness throughout a proceeding." First Nat'l Bank of Maryland v. Markoff, 70 B.R. 264, 265 (S.D.N.Y. 1987); see also In re Winner Corp., 632 F.2d 658, 661 (6th Cir. 1980) (dismissal of appeal for failure to pay $10 filing fee before expiration of ten-day period and late filing of designation of record justified in instances of negligence, indifference, or bad faith).
 
 
 5
 Guerrant has not disputed the district court's characterization of these proceedings. She filed her brief over five months late, did not explain to the district court her tardiness, and did not respond to defendant's motion to dismiss. Instead, her brief to the district court, once filed, was devoted entirely to a discussion of the merits of the bankruptcy court's decision to impose sanctions upon her attorney. Much of her brief in this court is spent discussing the same issue, and Guerrant's only explanation for her dilatory behavior is to blame the district court for its failure to notify her that her brief was late. Thus, Guerrant has continued to provide no defensible rationale for her delay, because, even as she admits, the district court has no formal responsibility to shepherd parties represented by counsel through the judicial process. We therefore conclude that the district court did not abuse its discretion in dismissing Guerrant's appeal. See In re Tampa, 835 F.2d at 56.
 
 
 6
 Our conclusion is buttressed by the fact that the bankruptcy court imposed sanctions against Guerrant's attorney rather than Guerrant herself.[2] Therefore, she will not suffer by the dismissal of this appeal, which was limited only to the appropriateness of the bankruptcy court's sanction order directed to her attorney.[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 Honorable Joseph M. Hood, United States District Court for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The rule provides that "appellant shall serve and file his brief within 15 days after entry of the appeal on the docket."
 
 
 [2]
 Although Guerrant's counsel argues on appeal that the sanctions also were directed at the debtor, such is not the case. The sanction order names only the attorney. (App. 68)
 
 
 [3]
 Guerrant may have been adversely affected by the lifting of the automatic stay; however, that issue has not been raised on appeal